The petitioner challenges a determination by the Merit Systems Protection Board ("Board”) that it does not have jurisdiction under 5 U.S.C. § 7702 (Supp. II1978) to review a probationary employee’s dismissal that allegedly violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. (Supp II 1978). The respondent moves to dismiss the petition on the ground that this court in turn lacks jurisdiction over the appeal from the Board. Although we agree with the respondent, we do not dismiss the petition, but instead transfer the case to the United States Court of Appeals for the Third Circuit.
In April 1979, the respondent dismissed the petitioner, a firefighter-trainee, while he was in his probationary period. The notice of termination stated that the petitioner was being dismissed because of "numerous deficiencies” in his performance. The petitioner appealed his dismissal to a regional office of the Board, contending that the respondent actually terminated him because of "his condition as a reformed alcoholic.” The petitioner argued then, and continues to argue, that the Board has jurisdiction to review his termination by virtue of section 7702 of the Civil Service Reform Act of 1978 ("Act”), 5 U.S.C. § 7702.
The Regional Office dismissed the appeal, ruling that under the governing Board regulation, 5 C.F.R. 315.806, the Board would have jurisdiction only if the petitioner alleged *593 that he had been discriminated against on the basis of "partisan political or marital status considerations.” The Board upheld that decision. It stated that, except for the foregoing two types of discrimination, under the Act probationary employees have no right of appeal to the Board.
The petitioner now asks this court to overturn that ruling and to hold that the Board has jurisdiction to review his dismissal. On the basis of our recent decision in Dunn v. United States Department of Agriculture, 228 Ct. Cl. 129, 654 F.2d 64 (1981), and the Supreme Court’s decision in Brown v. General Services Administration, 425 U.S. 820 (1976), we conclude that this court is without jurisdiction to hear this appeal.[1]
Dunn involved an appeal to the Board from a refusal to give an employee an "outstanding” performance rating. The Board dismissed the appeal for lack of jurisdiction, and the employee sought review of that decision in this court. We held that we had no jurisdiction over the appeal on the ground that the petitioner was not asserting a claim for money — the only kind of claim over which we have jurisdiction, United States v. King, 395 U.S. 1 (1969) — and that there is ". . . nothing in the legislative history [of the Act] which shows a Congressional intent to enlarge the subject matter of our jurisdiction as set forth in the Tucker Act.” 228 Ct. Cl. at 133, 654 F.2d at 66-67. The implication of that decision is that the Act did not expand our jurisdiction to cover government personnel cases over which previously we had no jurisdiction.
Brown v. General Services Administration held that section 717 of the Civil Rights Act of 1964, which was added to that Act by the Equal Employment Opportunity Act of 1972 and which "proscribes federal employment discrimination and establishes an administrative and judicial enforcement system,” Brown, 425 U.S. at 829, "provides the exclusive judicial remedy for claims of discrimination in federal employment.” 425 U.S. at 835. Since Brown, we *594 consistently have held that "any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Opportunity Act of 1972.” Clark v. United States, 212 Ct. Cl. 590, 590, cert. denied, 434 U.S. 839 (1977).
The petitioner claims that his dismissal resulted from discrimination that violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Supp. II, 1978). He contends that he was discriminated against because of his physical disability of being an ex-alcoholic. The Rehabilitation Act makes available to the victims of the discrimination that Act prohibits, the "remedies, procedures and rights” provided in the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(l).
As noted, we do not have jurisdiction over backpay claims based upon discrimination that violates the Civil Rights Act of 1964. The same reasoning calls for the same conclusion in cases involving alleged discrimination that violates the Rehabilitation Act of 1973. Congress presumably intended to provide the same remedies for violations of that Act that it provided for violations of the Civil Rights Act of 1964. Our lack of jurisdiction to review a Board order in this type of case is not limited, as the petitioner argues, to review of an order on the merits, but bars review of any order in such a case, including the present order that dismissed the appeal to the Board for lack of jurisdiction.
Although we do not have jurisdiction over this appeal, we do not dismiss it but instead follow the course we initially took in Dunn of transferring the case to the appropriate court of appeals. The Board order in this case informed petitioner that he had a "right to appeal this decision” to either this court or to a court of appeals. Facing a similar situation in Dunn, we ruled that "we have the . . . inherent power to transfer a case from this court to a Court of Appeals which appears to have exclusive jurisdiction.” 228 Ct. Cl. at 135, 654 F.2d at 68.
In our opinion in Dunn we explained why we have jurisdiction to make such a transfer. Although on motion for rehearing we subsequently vacated the order of transfer pending a reissuance of the Board order, a new appeal therefrom, and the court of appeals acceptance of jurisdiction over that appeal (order entered October 2, 1981, 228 *595 Ct.Cl. at 136) the reasoning of our opinion in Dunn remains valid. Since the petitioner resides within Pennsylvania, this case will be transferred to the Court of Appeals for the Third Circuit.
The respondent’s motion to dismiss is denied, and the case is transferred to the United States Court of Appeals for the Third Circuit. The clerk is directed to transmit the papers and documents involved in petitioner’s appeal to the clerk of that court. Respondent’s motion for rehearing en banc was denied January 29,1982.

 The general issue of the authority of the Merit Systems Protection Board to consider claims by probationary employees is now before the United States Court of Appeals for the First Circuit in Piskadlo v. Veterans Administration, No. 81-1267, argued November 5,1981, and not yet decided.