Though docketed as an "old law” pay case, this suit appears to be really an appeal under the "new law,” 5 U.S.C. §7703 (Supp. IV 1980), as the petition itself clearly says. We have before us a petition for review of a Merit System Protection Board decision, defendant’s motion to dismiss the petition, plaintiffs motion to amend the petition, and plaintiffs so-called "answer to defendant’s motion to dismiss and motion to amend.” Plaintiffs motions to amend are allowed and the petition is read as incorporating the averments in the motion. The ground of defendant’s motion is that the complaint is of sex discrimination or of *933 such discrimination mixed with other issues. Plaintiff has been dilatory in supplying information concerning the prior history of the case. Only on April 19, 1982, did plaintiff file a copy of the final order of the board, and that order recites nothing as to the nature of the claim or the grounds on which it is based. From the petition itself, and plaintiffs amendment to it, and explanation of it, we can only conclude that the claim is of sex discrimination, and if there are other issues mixed in, they are not of the variety that lend themselves to severance and separate consideration. It follows that we do not have jurisdiction of the case. 5 U.S.C. §7703(b); Brown v. General Services Administration, 425 U.S. 820 (1976); Hadley v. Department of the Navy 229 Ct. Cl. 591 (1981).
The only question that remains to answer is whether to dismiss or remand to the circuit court, or a district court, or the board. Hadley, supra, transferred a case such as this to a court of appeals. We note that the final order of the board instructed plaintiff she could seek judicial review under 5 U.S.C. §7703. That section, in turn, offers a choice of this court or a United States court of appeals, except in discrimination cases. While a careful reading of §7703 would suggest a doubt whether Congress intended a discrimination complainant to sue here, in view of the references therein to still other statutes, the notice referring plaintiff to §7703 only was misleading. Defendant now says that a court of appeals would and could only hold it had no jurisdiction, if we transferred the case to it, and would and could only hold that jurisdiction was exclusively in the district court, because of its being a discrimination case. Defendant cites Wiggins v. United States Postal Service, 653 F.2d 219 (5th Cir. 1981); Christo v. Merit Systems Protection Board, 667 F.2d 882 (10th Cir. 1981), which fully support defendant’s exegesis of them. Defendant admits it did not supply this information to the Hadley panel, and it was dilatory supplying it even here, thus compounding the misleading advice given in the Hadley order. Plaintiff, in Christo, happily had a skeptical attorney who timely filed a protective petition in the district court, but in Wiggins this was not so and the court of appeals remanded to the board with directions to issue a new order *934 from which plaintiff could petition timely to the district court.
It is this panel’s opinion that the choice of a tribunal to which to transfer a case "in the interest of justice,” or else to dismiss, is a discretionary matter as to which we are not required to follow the decision of another panel as if it were a holding of law. The selection of a district court as transferee is appropriate here because plaintiff wishes to offer new evidence to supplement the board record. She is entitled to a de novo factual trial, §7703(c), which is not a normal function of an appellate court. See Wiggins, supra. Defendant now says flatly that the proper thing for us to do is to transfer to a district court under 28 U.S.C. §1506. The situation will be somewhat complicated because of the merger of this court and the new Court of Appeals for the Federal Circuit, to take place October 1 of this year; however, in case of any attempt by defendant to deny the jurisdiction of the district court to which we transfer, plaintiff is authorized under our Rule 152 to petition for relief here as for a case of fraud on the court. After October I, that rule may be no more, but it will no doubt have a counterpart. There obviously has been a state of confusion about jurisdiction in this transitional period, which at times defendant has been tempted to exploit, but we judge that defendant’s district court suggestion here is bona fide.
The motion to dismiss and any other motions by the parties, not already ruled on, are denied. Plaintiff by her petition is a resident of Maryland and her counsel has a Maryland office address. She does not state at what postal facility she was employed. There being no indication of a suitable district court except that for the Maryland district, the case is transferred to that court. Our clerk is directed to transmit the papers and documents involved in plaintiffs appeal to the clerk of that court.
Defendant’s motion to alter judgment was denied June II,1982.