This case comes before the court on defendant’s motion for summary judgment and motion to dismiss, and on plaintiffs motion to transfer the case and motion to amend the pleadings. Under Rule 39(a)(1) we grant plaintiffs motion to amend his pleadings as it appears that the matters contained in the amendments are necessary to a full resolution of the issues before us and we conclude that justice so requires. We also decide to grant plaintiffs motion to transfer one of his claims and to grant defendant’s motion to dismiss the other for the reasons that follow.
Plaintiffs initial claim appears to have arisen as a result of reassignment from his position as an Immigration Inspector, GS-01816, grade 5, level 6, to a different position in the same Service as Applications Clerk, GS-00963, grade 5, level 6. There was no corresponding change in pay plaintiff was to and did in fact receive in his new position. However, plaintiff contends that the new career track to which he was reassigned was more limited in promotional and salary increase opportunities, hence less favorable to him than the track from which he was transferred.
Beginning in September 1979, plaintiff was enrolled in the Immigration Officer Basic Training Course (IOBTC). Plaintiff was removed from the IOBTC and reassigned as described above because he failed to satisfy the Spanish language requirements of the IOBTC.
*746 In February of 1981, plaintiff appealed the reassignment to the Merit Systems Protection Board (MSPB) on the ground that his reassignment was motivated by discrimination on the basis of age. The Chicago Field Office of the mspb, in its decision dated June 4,1981, dismissed plaintiffs appeal on the ground that the board had no jurisdiction of the appeal because "reassignment to a position at the same grade and pay * * * is not one of the regulatory basis [sic] for appeal under 5 C.F.R. 752.401(a),” mspb Decision No. CH07528110243, and that absent an otherwise appealable matter the board had no jurisdiction over a discrimination claim standing alone. This decision became final on July 9, 1981, and on July 23, 1981, plaintiff filed his petition in the case at bar.
In his petition and in his reply brief, plaintiff contends that he really has two claims. The first appears to be that defendant wrongfully induced him to leave his position with the Federal Protective Service (fps) in Anchorage, Alaska, on the basis of a misleading and deceptive vacancy listing which did not specify or suggest that Spanish fluency or aptitude was required for the position of Immigration Inspector. Further, that defendant failed to provide aptitude testing for language ability; that defendant wronged plaintiff by requiring him to learn Spanish at the same rate as a class of predominantly younger candidates would learn that language; and that in "Region IV of the Immigration and Naturalization Service, particularly Detroit, there is no need to speak the Spanish language.” Plaintiffs reply brief, p. 3. The latter allegation is plaintiffs attempt to show that the Spanish language requirement was not a bona fide occupational qualification for the position of Immigration Inspector in Region IV. The second purported claim as advanced by plaintiff is in the form of an appeal from the mspb’s decision dismissing his appeal brought before that body.
With regard to plaintiffs first claim that his transfer from the fps position to the position of Immigration Inspector was involuntary, we dismiss that claim for two major reasons. First, plaintiff has failed to exhaust his administrative remedies. On review of the mspb decision and based on defendant’s unrebutted contention, we are *747 unable to find any evidence showing that plaintiff sought recovery of back pay or any other relief connected with his fps position in his appeal brought before the board. Our finding of a failure to exhaust administrative remedies is further strengthened by plaintiffs prayer for relief in the instant petition wherein the only relief sought was for back pay relating to, or reinstatement to the "career track following from GS-01816,” the Immigration Inspector position. Additionally, plaintiffs claim relating to the fps position was raised for the first time before this court in his reply brief.
Generally speaking, absent mitigating circumstances, a government employee must exhaust his administrative remedies prior to initiating suit in this court based on pay loss arising from adverse personnel action. Athas v. United States, 220 Ct.Cl. 96, 102, 597 F.2d 722, 724-25 (1979); Fancher v. United States, 218 Ct.Cl. 504, 512, 588 F.2d 803, 807 (1978); Wilmot v. United States, 205 Ct.Cl. 666, 680 (1974). Thus, where plaintiff did not seek mspb review of the allegedly involuntary transfer from the fps to the Immigration and Naturalization Service to challenge what he contends are misleading, deceptive, and irrational position requirements he did not exhaust his administrative remedies with respect to this portion of his case. Plaintiff points to no circumstances, nor does the record reveal any, which would mitigate the settled effects of a failure to exhaust his administrative remedies. This defect is fatal to plaintiffs claim of an involuntary transfer and any attendant claim of entitlement to back pay.
The second reason for dismissing plaintiffs claim of an involuntary transfer is the insubstantial nature of plaintiffs evidence advanced to support the assertion that his transfer from the fps was wrongfully induced, hence involuntary. Plaintiff relies upon a job vacancy listing posted at the fps where he was originally employed. The fact that the vacancy announcement failed to state that the immigration Inspector position included a Spanish language requirement will not, standing alone, support a claim of coerced or involuntary transfer. Employee transfers are analogous to employee resignations with respect to the voluntariness of a particular employee’s conduct. In this *748 case, it is not claimed that any of plaintiffs superiors ordered or pressured him to transfer. Thus, in our view, employee transfers like employee resignations are presumed voluntary. Christie v. United States, 207 Ct.Cl. 333, 338, 518 F.2d 584, 587 (1975). The burden of establishing that his transfer was involuntary is correspondingly heavy as in the case of employee resignations. See Leone v. United States, 204 Ct.Cl. 334, 339 (1974). The scant evidence advanced by plaintiff is insufficient to rebut the presumption of voluntariness which attaches to plaintiffs transfer in this case.
Turning to plaintiffs second claim, the appeal from the mspb’s decision that it had no jurisdiction over plaintiffs age discrimination appeal, we find that we are likewise so constrained for a somewhat different reason. It will be recalled that the mspb held that reassignment to a position in the same grade with the same pay was not an appealable matter nor was an age discrimination claim standing alone. From the petition itself, plaintiffs amendment to it by way of his reply brief, and explanation of it, we can only conclude that the reassignment is challenged on age discrimination grounds, and if there are other issues mixed in, they are not of the variety that lend themselves to severance and separate consideration. Indeed it appears that age discrimination was the only basis for plaintiffs challenge to his reassignment which was raised before the mspb. It follows that we do not have subject matter jurisdiction of the case. 5 U.S.C. § 7703(b) (Supp. V1981); Cf. Brown v. GSA, 425 U.S. 820, (1976); Patterson v. United States, 230 Ct.Cl. 932 (1982); Hadley v. Department of the Navy, 229 Ct.Cl. 591 (1981).
The only remaining question is whether to dismiss or remand to the appropriate federal circuit court, or to a federal district court, or to the mspb. In Hadley, supra, we transferred a discrimination case based on the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. to a circuit court of appeals. In Patterson, supra, we transferred a sex discrimination case to the appropriate federal district court reasoning that our power "to transfer a case 'in the interest of justice,’ ” is a discretionary power "as to which we are not required to follow the decision of another panel as if it were *749 a holding of law.” Id. Our decision in Patterson was partly based on defendant’s citation of Wiggins v. United States Postal Service, 653 F.2d 219 (5th Cir. 1981) and Christo v. Merit Systems Protection Board, 667 F.2d 882 (10th Cir. 1981), to the effect that the district court was the proper transferee in discrimination cases. We did not, however, challenge the validity of our previous decision to transfer the case to the circuit court of appeals in Hadley. The other reason we selected the district court for transfer in Patterson, was because plaintiff wished to offer new evidence to supplement the board record. See also 5 U.S.C. § 7703(c) (Supp. V 1981). In the instant case, plaintiffs briefs and the representations of counsel indicate that it is plaintiffs belief that he could prevail on the strength of the evidence presented in the record and there would be no need for additional fact finding or evidence on the age discrimination claim. He relies on the Hadley precedent. Therefore, in accordance with plaintiffs wishes, we order the case transferred to the Sixth Circuit Court of Appeals.
it is therefore ordered that plaintiffs motion to amend the pleadings is granted; defendant’s motion for summary judgment on the back pay claim is granted and that part of the petition is correspondingly dismissed. Finally, plaintiffs motion to transfer the age discrimination claim to the Sixth Circuit Court of Appeals is granted and the case is transferred to that court. Our clerk is directed to transmit the papers and documents involved in plaintiffs appeal to the clerk of that court. Any remaining motions not already ruled on are denied.