Petitioner is a former civilian employee of the U.S. Navy, having served as a security guard, in a probationary period, at the National Naval Medical Center (nnmc). Before completing his year in that status, the dissatisfaction of his supervisors reached the point that they removed him for "failure to adapt to the requirements of the position.” *893 Appearing in this court pro se, he naively presents us with evidence of similar "failure to adapt” in previous U.S. Government positions. He took a statutory appeal to the Merit Systems Protection Board ( mspb), had an evidentiary hearing, and on receipt of an unfavorable initial decision, appealed it to the board, which upheld that decision under date of December 7, 1981. The board held its jurisdiction to be limited, but it did include the issue whether petitioner was removed for partisan political reasons. The appeal to this court was filed December 30, 1981. It is an instance of our new appellate jurisdiction under 5 U.S.C. § 7703 (Supp. IV 1981). Respondent moves that the appeal be dismissed. We conclude to dismiss it, without oral argument, on the briefs and record, in part on the merits, and in part for want of jurisdiction.
Petitioner is a supporter (not a member) of the National Socialist White People’s Party (nswpp), a small body that we suppose exists to keep alive the ideals of the Natzional Sozialist Deutsche Arbeiter Partei (nsdap) which went underground as a result of unfavorable developments at the end of World War II, and has not been much heard from since. As a security guard with the nnmc, he belonged to a group that was 75 percent black, by his own estimate, not a situation likely to produce for him much harmony in the work place. However, he had his constitutional and statutory rights, and their obvious jeopardy from the circumstances requires us to scrutinize the case with care so far as we may.
Petitioner attempted erroneously to contest his removal on grounds that would have become available had he completed his year. He was rightly advised by the mspb that as a probationer his review rights were few indeed, but one of them was to show he was removed for partisan political reasons. This was therefore the main thrust of his appeal, but he also quite expressly stated he was discriminated against on account of his age (47) and his race (white). By the provisions of 5 U.S.C. § 7703(b)(2) (Supp. IV 1981). We have no jurisdiction to review mspb determinations respecting the latter issues, which are reserved for the U.S. District Courts. However, we find nothing in the statute to bar us from exercising jurisdiction to review removals from *894 government office for reasons allegedly of partisan politics. The rights there involved are derived from a different source, the first amendment, and have no connection with the race and age issues reserved by § 7703(b)(2) for district courts. We have recently dealt with such partisan political removals in Awtry v. United States, ante at 271, 684 F.2d 896 (1982), and refer the reader to the signed opinion therein for discussion of the principles and authorities involved.
When we find in an appeal from the mspb a mixture of race, sex, or age considerations, and others normal to our jurisdiction, we can if we deem them inseverable, lump them all together and treat the case as excluded from our jurisdiction entirely. Patterson v. United States, 230 Ct.Cl. 932 (1982). If we deem them severable, however, to do this would be to avoid the responsibility Congress has assigned to us. Here they are severable. The best evidence of this is that petitioner treats them himself as severable. He already has or has had litigation pending in other courts relating to the race and age aspects of his grievance. Moreover, the instructions petitioner had from the mspb make it perfectly clear he was to file complaints of race and age discrimination, appealing from mspb determinations, in the district court, not here.
Confining our scrutiny, therefore, to the issue we have jurisdiction of, it is clear petitioner does not have a colorable case. We assume without deciding that removal on account of support for the nswpp would present a first amendment issue. The mspb found as a fact that those concerned with petitioner’s removal did not know of his connection, and that finding has ample support in substantial evidence. Petitioner’s impression to the contrary derives from the fact that some person or persons accused him of "gestapo tactics” in his handling of those towards whom he exercised authority. Mention of that late unlamented organization may have been tactless in the circumstances, but there are doubtless many persons alive today who use the term, as a matter of common speech, yet have no idea what government or in what cause or country the Gestapo served. Similarly, many people talk about boycotts or chauvinism, who have no idea who Cols. Boycott or Chauvin *895 were, or what they stood for. We cannot, upon such slender and inferential evidence, require the mspb to disbelieve the testimony of officials that they had no idea of petitioner’s political preferences.
With regard to the issues of which we have no jurisdiction, a transfer of them to any other court would be pointless in view of the fact that petitioner has or has had, as enumerated by respondent, seven suits in the U. S. District Court that concern alleged discrimination against him on account of race or age.
Accordingly, the decision of the mspb is affirmed so far as it holds that petitioner was not terminated for partisan political reasons, and so far as it holds petitioner was not dismissed on account of race or age, the appeal is dismissed for want of jurisdiction.