**Jeannine HONICKER, Petitioner,**

v.

**UNITED STATES NUCLEAR REGULATORY COMMISSION and United States of America, Respondents.**

**No. 78–2137.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 21, 1978.

Rehearing Denied Jan. 22, 1979.

---

Joel Kachinsky, Summertown, Tenn., for petitioner.

Stephen F. Eilperin and E. Leo Slaggie, Washington, D. C., for respondent.

Before WRIGHT,* Chief Judge, TAMM and MacKINNON, Circuit Judges.

Opinion PER CURIAM

* Chief Judge Wright did not participate in the decision.

## PER CURIAM:

Jeannine Honicker petitioned for review of the Nuclear Regulatory Commission's denial of her emergency petition to shut down nuclear power plants throughout the country and moves for expedited consideration of her petition. We grant the motion for expedited consideration and dismiss for lack of jurisdiction because the Commission's action is not a reviewable "final order."

### I

On July 29, 1978, petitioner filed with the Commission the emergency petition at issue here.[1] On September 7, 1978 the Commission replied with a letter explaining that the technical complexity of the issues raised by the emergency petition requires staff analysis and response before a decision can be made. In concluding, the Commission stated: "[i]n view of its intention to address the matter expeditiously, and the lack of a clear demonstration of need for emergency action, the Commission determined that such action was not warranted at this time."[2]

Petitioner considered the Commission's September 7th letter as a "final agency decision"[3] appealable to this Court, and on November 6, 1978 she filed this petition for review. Petitioner charges that the Commission has denied her due process and breached a "non-discretionary duty to license the handling of radioactive poisons in such a manner that they would not inflict involuntary harm."[4] The relief sought is (1) reversal of the "final order" of the Commission and (2) a temporary restraining order directing the Commission to stop operation of nuclear power plants pending the Commission's decision on her emergency petition. We hold that the Commission's letter is not a reviewable "final order."

1. The emergency petition sought "to compel the Nuclear Regulatory Commission to cease operation of all parts of the nuclear fuel cycle except those involving isolation of hazards from the biosphere, to undertake all measures necessary to prevent or lessen the impact of emergency conditions already created, and to begin emergency and remedial action within 30 days." Petitioner's emergency petition, 1.

2. Letter from Commission to Jeannine Honicker, September 7, 1978, 2.

3. Petition to Review at 4.

4. Id. at 11.

## II

▮ The pertinent judicial review statutes, 28 U.S.C. § 2342(4) and 42 U.S.C. § 2239(b), provide for judicial review of "final orders" of the Atomic Energy Commission [5] relating to activities of licensees. A "final order" is one that imposes an obligation, denies a right, or fixes some legal relationship, usually at the consummation of an administrative process. *Illinois Citizens Committee v. FCC*, 169 U.S.App.D.C. 166, 515 F.2d 397, 402 (1975); *Bethesda-Chevy Chase Broadcasters, Inc. v. FCC*, 128 U.S.App.D.C. 185, 385 F.2d 967, 968 (1967).

▮ In this case, petitioner points to no statutory or regulatory authority, and apparently there is none, giving her a right to file an emergency petition for direct and immediate action by the Commission. There is a procedure which provides for citizens to file enforcement requests with the Commission, whereupon the Commission may then decide to institute a proceeding to modify, suspend, or revoke licenses.[6] Theoretically, the Commission may also, as it implies it has done here, voluntarily consider an enforcement request as one for direct, immediate action under the Commission's supervisory authority. However, there is no statutory or regulatory scheme obligating the Commission to do so. Thus, the Commission's September 7th letter denying the emergency petition was not a final order or final agency action within the meaning of the review statutes, 28 U.S.C. § 2342(4) and 42 U.S.C. § 2239.

Here, the Commission, which is experienced in analyzing and weighing information and data of the kind presented in petitioner's emergency petition,[7] has decided that, though the emergency petition does not warrant emergency action, the issues raised do demand further study and analysis. The administrative process is not completed, and there is no record or final determination of the substantive issues for reviewable appeal. The only issue which has been decided is the question of whether the petition raised concerns which necessitated emergency relief. In denying petitioner's request for emergency relief, the Commission has not denied petitioner any cognizable legal right. Moreover, even if such emergency relief were part of the applicable statutory or regulatory scheme, the appropriate disposition of this appeal would be to defer to the Commission's discretion and greater expertise on such questions of "interim relief." *Nader v. Nuclear Regulatory Commission*, 168 U.S.App.D.C. 255, 513 F.2d 1045, 1055 (1975). We therefore dismiss the petition.

*Judgment accordingly.*

---

5. The Atomic Energy Commission was abolished and its functions transferred to various divisions of the Department of Energy, including the Nuclear Regulatory Commission.

6. Section 2.206(a) provides that: "[a]ny person may file a request . . . to institute a proceeding pursuant to § 2.202 to modify, suspend, or revoke a license, or for such other action as may be proper." 10 C.F.R. § 2.206.

Section 2.204 provides that: "[t]he Commission may modify a license by issuing an amendment on notice to the licensee that he may demand a hearing . . . . When the Commission finds that the public health, safety, or interest so requires, the order may be made effective immediately." 10 C.F.R. § 2.204.

7. The emergency petition is a 152 page printed work containing numerous charts, discussion, and analysis of scientific data, in addition to a statement of law.