Terry DUNN, Petitioner,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.

No. 2–80.

United States Court of Claims.

June 17, 1981.

---

Terry Dunn, pro se.

David Nerkle, Boston, Mass., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D. C., for respondent.

Before COWEN, Senior Judge, and DAVIS and BENNETT, Judges.

## OPINION

COWEN, Senior Judge:

In this case, the court is again called upon to examine the extent of our jurisdiction in appeals from decisions of the Merit Systems Protection Board (hereafter Board) under the Civil Service Reform Act of 1978.[1]

---

**1.** In *Brewer v. United States Postal Service*, Ct.Cl., 647 F.2d 1093 (1981), we discussed the remedies the court can provide petitioners who

Petitioner, who is employed by the United States Department of Agriculture (USDA), appealed to the Board from a denial of an "Outstanding" performance rating by his employer, the respondent in this case. On April 4, 1980, the Board dismissed the appeal for lack of jurisdiction and he now seeks review under the provisions of 5 U.S.C. § 7703(b)(1). The respondent has moved to dismiss on the ground that since the denial of the outstanding performance rating did not result in depriving the petitioner of any money, this court lacks jurisdiction. We agree. However, it has been suggested, and we believe, that the United States Court of Appeals for the Fifth Circuit probably has exclusive jurisdiction of this appeal. We conclude that we have the inherent power to transfer the case to that court, and, accordingly, we order the transfer.

### I.

On June 26, 1979, petitioner, who is employed as a poultry inspector by the USDA in Gadsden, Alabama, appealed his USDA employee performance rating for the one-year appraisal period ending March 1979. He sought to have his rating raised from "Satisfactory" to "Outstanding." In an initial decision of July 25, 1979, the Board held that there was no statute or regulation which gave the petitioner the right to appeal his performance rating. It was also held that the controlling regulations, 5 C.F.R. § 430.302 (1980) required petitioner to submit his complaint to agency grievance procedures. The decision informed the claimant that he could petition the United States Court of Appeals for the appropriate circuit or the United States Court of Claims to review any final decision of the Board. He filed a petition for rehearing and the Board combined his plea with those of other individuals who had been assigned "Satisfactory" performance ratings, and like the petitioner, contended that they were entitled to "Outstanding" ratings. In a final decision of April 4, 1980, the Board held

appeal from adverse decisions of the Merit Systems Protection Board.

that there was no statutory or regulatory basis for the appeal of the performance ratings and dismissed the appeals. That decision stated that a petition for jurisdictional review could be filed in "the U.S. Court of Claims no later than 30 days after the receipt of this decision." On May 8, 1980, petitioner filed his petition in this court, seeking a review of the Board's decision which dismissed his appeal.

## II.

■ From a study of the Civil Service Reform Act of 1978, the legislative history of the Act, and other materials, we have concluded that we have no jurisdiction of an appeal from the Merit Systems Protection Board, except in cases where, if the petitioner prevails, he would be entitled to back pay or some other form of monetary relief.

We look first to the provisions of the Civil Service Reform Act of 1978, Pub.L. 95–454, 92 Stat. 1111, which has been codified in 5 U.S.C. § 7703(b)(1). It provides:

Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board *shall be filed in the Court of Claims* or a United States court of appeals *as provided in chapters 91* and 158, respectively, *of title 28.* * * * (Emphasis supplied.)

Thus it will be seen that the Act incorporates the provisions of chapter 91 of title 28, which sets forth the jurisdictional provisions of the Court of Claims as codified in 28 U.S.C. §§ 1491–1506. Pub.L. 95–454 does not contain a provision specifically amending the Tucker Act, and there is no other statutory provision which indicates that Congress intended to enlarge the jurisdiction of this court to cover any claims except those which involve the award of money damages.

In *Nibali v. United States*, 225 Ct.Cl. ——, ——, 634 F.2d 494, 497 (1980), this court again emphasized that its jurisdiction is limited to cases where Congress has clearly consented to a suit against the Government. There the court stated:

It also is a long-standing rule of law that the consent of the United States to be sued will not be extended beyond its literal terms and will not be implied. *United States v. King*, 395 U.S. 1, 4 [89 S.Ct. 1501, 1502] (1960); *United States v. Testan*, 424 U.S. 392, 399–400 [96 S.Ct. 948, 953, 954, 47 L.Ed.2d 114] (1976); *United States v. Mescalero Apache Tribe*, 207 Ct.Cl. 369, 518 F.2d 1309 (1975), *cert. denied*, 425 U.S. 911 [96 S.Ct. 1506, 47 L.Ed.2d 761] (1976).

The legislative history of the Civil Service Reform Act confirms our conclusion that Congress did not intend to add claims like that involved in this appeal to the court's historical jurisdiction. The legislative history of the Act is contained in S.Rep.No.95–969, 95th Cong., 2d Sess., 1978, reprinted in [1978] *U.S.Code Cong. & Adm.News*, 2723, which at page 2785, reads as follows:

Subsection (b) [of section 7703] specifies the forum in which an employee or applicant may bring the review proceeding. Currently employees who wish to challenge Commission decisions generally file their claims with U.S. District Courts. The large number of these courts has caused wide variations in the kinds of decisions which have been issued on the same or similar matters. The section remedies the problem by providing that Board decisions and orders (other than those involving discrimination complaints and determinations concerning life and health insurance) be reviewable by the Court of Claims and U.S. Courts of Appeals, rather than by U.S. District Courts.

Although there is a discussion of the standard of review by the Court of Claims and the Courts of Appeals as provided in section 7703(c), we find no other material in the Senate Report regarding the jurisdiction of the reviewing courts, except a statement that section 206 of the Bill amends 28 U.S.C. § 2342 by adding final orders of the Merit Systems Protection Board to the list of matters of which the Courts of Appeals have jurisdiction. Although the jurisdictional amendments in the Act eliminated most of the former jurisdiction of the district courts and re-allocated that jurisdiction to the Courts of Appeals, we find noth-

ing in the legislative history which shows a Congressional intent to enlarge the subject matter of our jurisdiction as set forth in the Tucker Act. Consequently, we conclude that we do not have jurisdiction to review a decision of the Merit Systems Protection Board, unless the petitioner has an underlying claim for monetary relief.

### III.

■ Having decided that our jurisdiction in these cases is limited as stated, we must next determine whether the petitioner's claim meets these jurisdictional requirements. In asserting that his is a monetary claim, petitioner argues that since his supervisor, Dr. Buchanan, recommended him for an outstanding performance award in 1979, petitioner would have been entitled to a cash payment of $200, or a quality step increase if the rating had been granted. In support of his position, petitioner relies on two USDA documents. The first is entitled "Food Safety and Quality Service Directive No. 4451.1" (FSQS-dated November 8, 1978), and the second is USDA "Meat and Poultry Inspection Directive No. 462.2" (MPI-dated November 1, 1976). We have examined these regulations and find that petitioner's right to a money award rests solely within the discretion of the USDA and that he would not have been entitled, automatically, to a monetary award if he had been given an outstanding performance rating. FSQS Directive No. 4451.1, Part III B 3 specifically provides that the approving official shall "determine if the contribution merits a cash award." Similarly, MPI Directive No. 462.2, attachment III, provides that "lump sum awards may be granted" to employees approved for recommendation for the first time. With respect to quality increases, this regulation also provides that such increases may be granted to "employees remaining in the awardable group for the second succeeding rating period after having received a cash award for the previous rating period." The fact that the granting of these awards is entirely discretionary is also indicated by Exhibit 1, attached to petitioner's brief, which lists the names of USDA employees who received the awards. The exhibit shows that most of the listed employees were given only letters of commendation, rather than cash awards.

In a recent case involving a claim for variable incentive pay, this court quoted from the decision of the Supreme Court in *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), and apropos of the situation before us, stated:

> It is implicit in the holding of *Testan* that a statute providing for solely discretionary payments of money does not give rise to a "right to recover money damages from the United States." * * * [*Adair v. United States*, Ct.Cl., 648 F.2d 1318 at 1322 (1981)], *cert. denied,* 377 U.S. 981, 84 S.Ct. 1889, 12 L.Ed.2d 749.
> *See also Kempinski v. United States*, 164 Ct.Cl. 451, 453 (1964).

Since it is clear that petitioner does not have a claim for monetary relief, we do not have jurisdiction of his appeal.

### IV.

As previously stated, the Board's final decision of April 4, 1980, contained the advice that the petition for jurisdictional review "of this decision may be filed in the U.S. Court of Claims." By letter of July 16, 1980, the Board notified petitioner that a clerical mistake had been made in that decision which should have informed petitioner that his appeal should be filed in the United States Court of Appeals. In the letter, the Board offered to reissue its opinion so that the petitioner could file a timely petition for review in the appropriate Court of Appeals upon the dismissal of his appeal in this court. The offer is repeated in respondent's brief in this case, and has been made on the assumption that while 28 U.S.C. § 1506 authorizes this court to transfer a case to a district court when it is within the exclusive jurisdiction of that court, there is no comparable statute which authorizes us to transfer a case within the exclusive jurisdiction of a Court of Appeals.

■ We agree with the suggestion that the Court of Appeals probably has exclusive

jurisdiction and hold that the case should be transferred in order that the petitioner may receive a decision on the merits.[2]  However, we think that we may order the transfer and avoid the necessity of having the Board reissue its decision.  Although there is no statute which authorizes a Court of Appeals to transfer a case to another circuit having jurisdiction or venue of a case, it is now the great weight of authority that a Court of Appeals has the inherent power to order such transfers in the interests of justice and sound judicial administration.  *See American Telephone and Telegraph Co. v. Federal Communications Commission,* 519 F.2d 322, 325 (2d Cir. 1975), citing decisions by the First, Second, Fifth and Tenth Circuits, as well as by the D.C. Circuit.  Also, in *Koehring Co. v. Hyde Constr. Co.,* 382 U.S. 362, 365, 86 S.Ct. 522, 524, 15 L.Ed.2d 416 (1965), the Supreme Court declared:

> * * * We do not read 28 U.S.C. § 1404(a), providing that "a district court may transfer any civil action," as precluding an appellate court, where unusual circumstances indicate the necessity thereof, from effecting a transfer by direct order.

We conclude that we have the same inherent power to transfer a case from this court to a Court of Appeals which appears to have exclusive jurisdiction.  Petitioner resides in Alabama, a state which is located within the jurisdiction of the United States Court of Appeals for the Fifth Circuit.

IT IS THEREFORE ORDERED, that this case is transferred to the United States Court of Appeals for the Fifth Circuit, and the clerk of the court is accordingly directed to transmit the papers and documents involved in petitioner's appeal to the clerk of that court.

---

**2.**  The jurisdiction of the Court of Appeals under 28 U.S.C. § 2342(6) to review final orders of the Merit Systems Protection Board is not limited to cases in which the petitioner has an underlying claim for money damages.  The term "final order" as used in that statute means an order "that imposes an obligation, denies a right, or fixes some legal relationship usually at the consummation of an administrative process."  [*Honicker v. United States Nuclear Regulatory Commission,* 590 F.2d 1207, 1209 (D.C.Cir.1979).]