This case is before the court on respondent’s motion to dismiss. After careful consideration of the parties’ submissions and without oral argument, we agree with the respondent that we lack jurisdiction of this case. We, however, do not grant respondent’s motion to dismiss this case but, instead, transfer it to the United States Court of Appeals for the Fourth Circuit.
On August 10, 1980, petitioner was hired as a correctional officer at the United States Penitentiary at Leavenworth, Kansas. During his probationary period, petitioner’s employment was terminated due to his alleged violation of Federal Prison Systems Standards of Employee Conduct and Responsibility and unsatisfactory performance of duties. Petitioner appealed his removal to the Merit Systems Protection Board ( mspb ), St. Louis Office, alleging his removal was unlawful because it was actually due to discrimination on account of his race. In its initial decision, the mspb dismissed petitioner’s appeal for want of jurisdiction. That decision was subsequently affirmed by the MSPB. Petitioner is now before this court seeking review of that decision.
This case is controlled by our previous decision in Hadley v. Department of the Navy, ante at 591. There, as in the present case, a federal employee who was removed from his position during his probationary period alleged that discrimination was the cause. The employee appealed his removal to the mspb, which held it had no jurisdiction. *843 Subsequently, the employee appealed the mspb decision to this court. We held we did not have jurisdiction on the bases of our prior decision in Dunn v. United States Department of Agriculture, 228 Ct. Cl. 129, 654 F. 2d 64 (1981), and the Supreme Court’s decision in Brown v. General Services Administration, 425 U. S. 820 (1976).
Our jurisdiction is governed by the Tucker Act, 28 U.S.C. § 1491. It states in pertinent part:
The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * *
5 U.S.C. § 7703, which grants us authority to review mspb decisions, does not expand the subject matter jurisdiction granted us by § 1491. Dunn, 228 Ct. Cl. at 133, 654 F. 2d at 66-67. Since the Supreme Court held in Brown that § 717 of the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act of 1972 provides the exclusive judicial remedy for claims of discrimination in federal employment, we have consistently held that "any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Opportunity Act of 1972.” Clark v. United States, 212 Ct. Cl. 590, 591, cert. denied, 434 U.S. 839 (1977). Thus we do not have jurisdiction of petitioner’s claim since it is based upon a claim of discrimination.
Under 5 U.S.C. § 7703, mspb decisions may be appealed to either the Court of Claims or a United States Court of Appeals. The petitioner received a board order that informed him of his right to review in these courts. Since we do not have jurisdiction of this case, we transfer it to the Court of Appeals for the Fourth Circuit where petitioner resides.[1] See Dunn, 228 Ct. Cl. at 135-36, 654 F. 2d at 67-68; Hadley, ante at 592.
*844 it is therefore ordered that this case be and is hereby transferred to the United States Court of Appeals for the Fourth Circuit, and the clerk of the court is accordingly directed to transmit the papers and documents involved in petitioner’s appeal to the clerk of that court.

 The jurisdiction of the courts of appeals, unlike ours, is not limited by 28 U.S.C. § 1491. Under 28 U.S.C. § 2342(6), courts of appeals have jurisdiction to review "all final orders of the Merit Systems Protection Board except as provided for in § 7703(b) of title 5.” Respondent concedes § 7703(b)(2) is inapplicable in this case.