These cases are before the court on respondent’s motion to dismiss. After careful consideration of the parties’ submissions and without oral argument, we agree with the respondent that we lack jurisdiction of these cases. We, however, do not grant respondent’s motion to dismiss these cases but, instead, transfer them to the United States Court of Appeals for the Fifth Circuit.
Petitioners are employed by the United States Coast Guard in New Orleans, Louisiana, as admeasurers. On March 31, 1980, they were notified that the classification of *854 their positions had been changed from Admeasurer, GS-1898-12 to Admeasurer, GS-1898-11, effective February 12, 1980. The notice informed petitioners they were "eligible to retain both [their] grade and salary for two' years from the date of the OPM certification * * *.” Petitioners appealed the reclassification to the Merit Systems Protec-ton Board (mspb). The notices denying the appeals informed petitioners of their right to review under 5 U.S.C. § 7703(b)(1) in either the United States Court of Appeals for the appropriate circuit or the United States Court of Claims. Petitioners now seek review of the mspb decision in this court.
5 U.S.C. § 7703 grants this court jurisdiction to review final decsions of the mspb. We have held, however, that our subject matter jurisdiction is in no way expanded by 5 U.S.C. § 7703. Dunn v. United States Department of Agriculture, 228 Ct. Cl. 129, 133, 654 F. 2d 64, 66-67 (1981). Our subject matter jurisdiction is therefore still governed and limited by the Tucker Act, 28 U.S.C. § 1491. The jurisdiction of this court, as a result, is "limited to actual, presently due money damages from the United States.” United States, v. King, 395 U. S. 1, 3 (1969). See also United States v. Testan, 424 U. S. 392 (1976).
In these cases petitioners, at the time of suit, were within the two-year period where they retained the higher salary. They had therefore not, as of the time of filing these petitions, lost any salary because of the Government’s action. They have not demonstrated the loss of any other monies because of the Government’s action. Since there is therefore no claim that there is money presently owed petitioners, we do not have jurisdiction of these suits.
Under 5 U.S.C. § 7703, mspb decisions may be appealed to either the Court of Claims or a United States Court of Appeals. The petitioners received a board order that informed them of their right to review in these courts. Since we do not have jurisdiction of these cases, we transfer them *855 to the Court of Appeals for the Fifth Circuit where petitioners reside.[1] See Dunn, 228 Ct. Cl. at 135-36, 654 F. 2d at 67-68; Hadley v. Department of the Navy, ante at 591.
it is therefore ordered that these cases be and are hereby transferred to the United States Court of Appeals for the Fifth Circuit, and the clerk of the court is accordingly directed to transmit the papers and documents involved in petitioners’ appeals to the clerk of that court.

 The jurisdiction of the courts of appeals, unlike ours, is not limited by 28 U.S.C. § 1491. Under 28 U.S.C. § 2342(6), courts of appeals have jurisdiction to review "all final orders of the Merit Systems Protection Board * * * ”