Petitioner, a distribution clerk employed by the United States Postal Service (Service), filed a petition for review with the court on September 17, 1981, in which he seeks to have his employee seniority date adjusted. Petitioner was initially employed by the Service from May 7, 1966, to December 10, 1974, at which time he retired from the Service because of an on-the-job injury. On February 18, 1981, petitioner wás reemployed with the Service, after it was determined that petitioner had sufficiently recovered from his injury. The service assigned petitioner a seniority date of February 18, 1981. The seniority date is important to Service employees because work schedules and other nonmonetary benefits are allocated according to seniority. Petitioner appealed the assignment of the later seniority date to the Merit Systems Protection Board (mspb). The mspb held that, because the only issue that petitioner raised in his appeal was whether he had been completely restored to his former position, it did not have jurisdiction over petitioner’s appeal.
Respondent, in its motion to dismiss, argues that petitioner’s petition fails to invoke the jurisdiction of this court. Respondent also argues that the coúrt does not have the authority to transfer the petition to the appropriate court of appeals. We agree with respondent that petitioner’s claims do not fall within the purview of this court’s jurisdiction but we disagree with respondent on the court’s power to transfer the petition; therefore, we grant respondent’s motion to dismiss and transfer the petition to the United States Court of Appeals for the Fourth Circuit.
In order to come within this court’s jurisdiction, a claim, aside from a few rare incidences, must be for money. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967). The "allegation must be that the *841 particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum.” Id. at 605, 372 F.2d at 1007. In this case, petitioner claims that the protection provided reemployed Government employees by 5 U.S.C. §8151(a) (1976), under the clause "other rights and benefits based upon length of service,” entitles him to have his seniority date placed back to May 7, 1966. However, petitioner fails to plead what, if any, monetary relief he would be entitled to if the seniority date had been set at an earlier date. Furthermore, as we held in Dunn v. United States Department of Agriculture, 228 Ct. Cl. 129, 654 F.2d 64 (1981), 5 U.S.C. §7703 (Supp. IV 1980), the statute petitioner relies on, does not enlarge the subject matter of our jurisdiction.
In his reply to respondent’s motion to dismiss, petitioner attempts to come within our jurisdiction by maintaining that his claim is for monetary damages since, if he had more seniority, he would be able to work more overtime and therefore receive more money. However, the relief that petitioner seeks is prospective; payment for work to be done during an overtime work period. This court does not have jurisdiction over such a claim. United States v. Testan, 424 U.S. 392, 403 (1976).
Finally, it appears that the court of appeals has exclusive jurisdiction over petitioner’s claims. Under 28 U.S.C. §2342(6) (Supp. II 1978), the jurisdiction of a court of appeals to review final orders of the mspb is not limited to monetary claims. We have previously held that we have the same "inherent power [as a court of appeals] to order * * * [the transfer of a case] in the interests of justice and sound judicial administration.” Dunn v. United States Department of Agriculture, supra, 228 Ct. Cl. at 135, 654 F.2d at 68. See also Hadley v. Department of the Navy, 229 Ct. Cl. 591 (1981).
it is therefore ordered that, upon consideration of the submissions and without oral argument, respondent’s motion to dismiss is granted to the extent that this case is transferred to the United States Court of Appeals for the Fourth Circuit, and the clerk of this court is accordingly directed to transmit the papers and documents involved in petitioner’s appeal to the clerk of that court.