This case comes to the court on petitioner’s appeal from an adverse decision by the Merit Systems Protection Board (mspb) entered on September 30, 1980. Respondent moves the court to transfer the appeal to our "regular docket” which comes under our Tucker Act jurisdiction. Respondent maintains that this action was pending prior to the effective date of the Civil Service Reform Act (Reform Act) and, as a consequence, this case is not an appeal case. Respondent, in the same motion, further seeks summary judgment in its favor on the grounds that (a) the court does not have jurisdiction over the subject matter of this action, and (b) even if jurisdiction is assumed, the decision of the mspb was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion. Answering, petitioner opposes these motions.
For reasons that follow, we deny respondent’s motion to transfer to the "regular docket,” but dismiss the appeal sua sponte because we have no subject matter jurisdiction. This disposition moots the need for a ruling on respondent’s motion for summary judgment.
Facts: Petitioner was hired as a distribution clerk by the United States Postal Service (usps), Fort Worth Post Office, on September 30, 1974. On April 21, 1975, petitioner sustained an injury while on duty. He reported his injury to the usps, and soon thereafter began receiving worker’s compensation from the United States Department of Labor Office of Workers’ Compensation Programs. The record reveals that benefit payments were made intermittently and covered various periods of time from April 28, 1975, to January 3,1980.
On January 26, 1976, approximately 9 months after his April 21, 1975 injury, petitioner returned to work and remained on the job until February 16, 1976, when he *806 suffered a recurrence of his injury. After almost a 1-year absence, he returned to work on February 8,1977.
Subsequently, on March 6, 1977, petitioner reported another on-the-job injury. On April 6, 1977, petitioner was requested by letter to furnish medical information within 5 days regarding his March 6, 1977 reported injury. In a letter dated May 5, 1977, petitioner’s doctor stated that petitioner had been under his care from March 6, 1977, through May 8,1977, and that he would be able to return to work for light duty on May 9, 1977. Petitioner did not return to work as indicated by his doctor, and on May 20, 1977, was issued a letter of abandonment of position.
On June 15, 1977, petitioner furnished usps with a letter from his physician stating that petitioner should be able to return to work on July 5, 1977. However, petitioner did not report for work on July 5. He advised usps on July 1, 1977, that he would report for work on July 18, 1977. He again failed to report, and on July 29,1977, was issued a notice of proposed removal.
The grounds for the proposed removal were unsatisfactory attendance and absence without leave from July 5,1977, to July 29, 1977. On September 16, 1977, petitioner was removed from his position with usps. He challenged his removal under a grievance-arbitration procedure set forth in the collective bargaining agreement between usps and petitioner’s union. After a hearing, the arbitrator issued a decision dated March 28, 1978, in which it was concluded that petitioner had been discharged for just cause. Accordingly, petitioner’s grievance was denied.
On April 5, 1978, petitioner notified the usps that he had recovered from his injury and requested that he be restored to duty. The usps informed petitioner that he was not entitled to restoration because his removal for just cause predated his request for restoration. On April 21, 1978, petitioner appealed to the Federal Employee Appeals Authority (feaa) asserting that the usps’s refusal to restore him to duty after he had recovered from a compensable injury was a violation of Part 353 of the Civil Service Regulations, 5 C.F.R. §353. Section 353 was issued as a regulation implementing the restoration rights of federal employees pursuant to 5 U.S.C. § 8151.
*807 After reviewing the parties’ submissions, on August 23, 1978, the feaa decided that under Part 353 petitioner was not entitled to restoration because he was removed for cause. Although the feaa decision lists a detailed chronology of petitioner’s attendance problems while employed at usps, the feaa goes on to state that they have "no jurisdiction to readjudicate the removal action which has been found to be for just cause by the arbitrator in the grievance.” feaa Decision No. DA035380008 (1978). Thus it appears that the feaa decision was at least in part based on the arbitrator’s decision.
On September 18, 1978, petitioner filed a motion to reopen and reconsider the feaa decision with the Appeals Review Board (now known as the Office of Appeals, Merit Systems Protection Board). This motion was denied on November 9,1979.
Again on December 6,1979, petitioner requested the usps to restore him, this time under the provisions of 5 U.S.C. § 8151(b)(2). On December 28, 1979, this request was denied by the usps. On January 5, 1980, petitioner filed another appeal with the mspb Dallas Field Office seeking review of the usps’s December 28 restoration denial. The presiding official dismissed petitioner’s appeal on February 27, 1980, finding that petitioner was not covered under the terms of 5 C.F.R. §353 because he had not been separated or furloughed as a result of a compensable injury. Once more petitioner sought review. On September 30, 1980, the mspb reopened the appeal and affirmed the presiding official. The mspb stated that "an employee who was removed for cause has no right to restoration simply because he or she received disability subsequent to removal. The separation or furlough had to have resulted from the compensable injury alone in order for restoration rights to accrue.” The mspb thus held that since petitioner was removed for cause, he had no standing under 5 C.F.R. § 353.401 to appeal the denial of a restoration right which he now possessed.
On November 3, 1980, petitioner filed this appeal for review of the mspb decision of September 30,1980. Respondent does not say the appeal is untimely.
Petitioner has a great deal to say about the arbitration and other proceedings that he attacked collaterally to the *808 mspb. We read him as saying the mspb erred in attaching to prior determinations the weight it did and in not retrying everything de novo. Respondent argues that on January 11, 1979, the effective date of the Reform Act, petitioner had a pending administrative claim for restoration with the usps. Respondent also points to other administrative proceedings to substantiate its assertion. Whatever the previous administrative proceedings, they are only important to us insofar as they were relied on by the mspb. Petitioner did not, and still maintains that he does not, bring this case in any other manner but as an appeal from the mspb. Our review of the mspb decisions convinces us that the case properly is before us as an appeal from an adverse mspb decision. Under the provisions of 5 U.S.C. §7703 (Supp. Ill 1979), petitioner gained the right to appeal to this court by virtue of the mspb denial of his claim for restoration.
Our examination of the record compiled before the mspb shows that petitioner sought restoration solely under 5 U.S.C. § 8151(b)(2) and 5 C.F.R. § 353.301, its implementing regulation. This appeal by petitioner’s own admissions does not involve 5 U.S.C. § 8151(b)(1), but only (b)(2). Section 8151 provides:
(a) In the event the individual resumes employment with the Federal Government, the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for the purposes of within-grade step increases, retention purposes, and other rights and benefits based upon length of service.
(b) Under regulations issued by the Civil Service Commission
(1) the department or agency which was the last employer shall immediately and unconditionally accord the employee, if the injury or disability has been overcome within one year after the date of commencement of compensation or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time employment with the United States, the right to resume his former or an equivalent position, as well as all other attendant rights which the employee would have had, or acquired, in his former position had he not been injured or disabled, including the rights to tenure, promotion, and safeguards in reduction-in-force procedures, and
*809 (2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency.
5 C.F.R. §353.307 which was promulgated pursuant to section 8151(b)(2) provides:
An employee who was separated because of a compen-sable injury and whose recovery takes longer than 1 year from the date compensation began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular full-time employment with the United States), is entitled to priority consideration for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of cessation of compensation. (See parts 302 and 330 of this chapter for more information on how this may be accomplished for the excepted and competitive services, respectively.)
The subject matter jurisdiction of this court has always been limited to money claims against the United States. United States v. King, 395 U.S. 1, 2-3 (1968). In Dunn v. United States, 228 Ct.Cl. 129, 131-33, 654 F.2d 64, 67 (1981), we held that we do not have jurisdiction to review a decision of the mspb unless the petitioner has an underlying claim for monetary relief.
Respondent throws its case into confusion by erroneously moving for summary judgment, inappropriate in an appeal case, and by trying to maintain this is the same case as the previous ones. Like all federal courts, ours is a court of limited jurisdiction. Lack of subject matter jurisdiction or alternatively failure to state a claim within our jurisdiction, are defenses which can be raised at any time in a proceeding by any party or by the court sua sponte. Rule 102(b)(1) permits the court to dismiss any action at any time upon its own motion. Indeed, in Arwine v. United States, 218 Ct.Cl. 685 (1978), we sua sponte dismissed a claim for back pay based on a failure of the Federal Bureau of Investigation to promote Mr. Arwine precisely on the *810 ground that plaintiff failed to state a claim within our jurisdiction. Id. at 687. We do this here because we lack any appropriate move by respondent.
Therefore, in the light of our power and duty to raise sua sponte the jurisdictional question and of the attendant underlying money claim requirement, the issue as we perceive it is whether section 8151(b)(2) or its implementing regulation "can fairly be interpreted as mandating compensation by the Federal Government for damages sustained.” United States v. Testan, 424 U.S. 392, 400 (1976) (quoting Eastport Steamship Corp. v. United States, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)).
Reviews of the language of section 8151(b)(2) and its implementing regulation, both quoted above, reveal that these provisions require only that the last employing agency "make all reasonable efforts” to place and to grant priority consideration for restoration to the same position or to an equivalent one. This is in sharp contrast to the provisions of 8151(b)(1) which requires the last employing agency to grant the employee the "right to resume his former or an equivalent position, as well as all other attendant rights” to which he would have been entitled had he not been injured. If the statute or regulation is violated, all petitioner is entitled to would be "reasonable efforts” to be placed in and "priority consideration” for restoration to the same position or an equivalent one. The rights to "reasonable efforts” to be placed in and to be granted priority consideration in restoration to the same or to an equivalent position, cannot in our view be fairly read to mandate compensation by the Federal Government.
Accordingly, upon consideration of the parties’ submissions, and without oral argument, it is therefore ordered that respondent’s motion to transfer the case to the "regular docket” is denied. However, pursuant to its own motion under Rule 102 (b)(1), the court dismisses petitioner’s appeal for lack of subject matter jurisdicton.
Petitioner’s motion for reconsideration was denied September 10,1982.