This pro se case is before the court on respondent’s motion to dismiss the petition on the ground this court lacks subject matter jurisdiction. After careful consider *1007 ation of the parties’ submissions and without oral argument, we grant the respondent’s motion.
Petitioner is presently employed by the Agency for International Development ( aid) as a grade GS-8 secretary. On February 6, 1972, she was detailed to perform duties in the Contract Services Audit ( csa) Section as a GS-9 voucher examiner, a higher-graded position than her former position as a GS-7 voucher examiner. She was never officially appointed or promoted to the higher grade position. The petitioner, however, contends she was officially appointed on that date. On February 16, 1975, she was reassigned to her present position of secretary at a GS-7 grade.
On May 27, 1976, petitioner submitted a claim to aid for retroactive promotion to the GS-9 position to which she had been detailed from 1972 to 1975. In addition, she sought back pay for the GS-9 position, aid denied her claim and she appealed the aid decision to the General Accounting Office (gao).
The gao found that the petitioner was entitled to a
* * * retroactive temporary promotion to a GS-9 position effective the 121st day of her assignment to the csa section * * * and ending either the date [the GS-9 voucher examiner position] was actually downgraded or the date of her assignment to a secretarial position (apparently February 16, 1975 * * *), whichever was earlier.
The gao, however, denied petitioner’s claim for further promotion and reassignment. It noted:
Claims for retroactive temporary promotions because of extended details to higher graded positions provide only a limited remedy. Therefore, the other aspects of her claim, such as further promotion to GS-11 and reassignment outside her present position, are either not allowable or beyond our jurisdiction.
On January 30, 1980, aid implemented the gao decision by giving petitioner a temporary retroactive promotion from GS-7 to GS-9 and back pay from April 19, 1972, to February 15,1975.
By a memorandum dated April 30, 1980, petitioner requested "further remedy” from aid. She stated she would accept:
1) A GS-12 position;
*1008 2) A FSS 4 or 5 overseas position;
3) A GS-11, step 10, in my present detail position as Administrative Operations Assistant;
4) Any other GS-11 position for which I am eligible in A.I.D. that have [sic] on-the-job training or close supervision until expertise gained decreases supervisory need [and] that has career advancement to GS-12.
She further stated that she would consider a "lump-sum settlement as a remedy” or any alternate offers that were "equitably and mutually rewarding.”
aid denied petitioner’s request for "further remedy.” The agency based its denial on the grounds that the petitioner was not entitled to a permanent promotion or priority promotion consideration because her retroactive temporary promotion was not made under competitive procedures and she was not qualified for a GS-12 position because she had never served in grade GS-11.
Petitioner then appealed this denial to the District of Columbia Field Office of the Merit Systems Protection Board (mspb). The mspb denied her petition on the ground it did not have jurisdiction over the aid decision not to promote her. On September 29, 1981, petitioner filed her petition in this court seeking judicial review of the mspb’s final order. Respondent contends this court lacks jurisdiction over the subject matter.
This court’s jurisdiction, 28 U.S.C. § 1491 (1976), is limited to those cases in which the claimant has a right to recover money damages against the United States. United States v. Testan, 424 U. S. 392 (1976); United States v. King, 396 U. S. 1 (1969). Specifically, this court has stated:
[W]e have no jurisdiction of an appeal from the Merit Systems Protection Board, except in cases where, if the petitioner prevails, he would be entitled to back pay or some other form of monetary relief.
Dunn v. United States Department of Agriculture, 228 Ct. Cl. 129, 131, 654 F. 2d 64, 66 (1981). See also Hadley v. Department of the Navy, 229 Ct.Cl. 591 (1981).
Since this petition is based on mspb’s denial to review aid’s decision not to promote the petitioner, we agree with the respondent that this court lacks subject matter jurisdiction.
*1009 it is therefore ordered that respondent’s motion to dismiss be and is hereby granted.