Lawrence R. ROSANO, Petitioner,

v.

DEPARTMENT OF THE NAVY,
Respondent.

Appeal No. 32–82.

United States Court of Appeals,
Federal Circuit.

Feb. 14, 1983.

Edward F. Hayes, III, New York City, argued for petitioner. With him on the brief was A. Lawrence Washburn, Jr., New York City.

Carmen Shepard, Washington, D.C., argued for respondent. With her on the brief were Asst. Atty. Gen. J. Paul McGrath, David M. Cohen, Donnie Hoover and Naomi Miske, Dept. of the Navy, Washington, D.C.

Before FRIEDMAN, BALDWIN and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

Petitioner in this case seeks review of the final decision of the Merit Systems Protection Board (board) in which the board held that it was without jurisdiction to grant relief based on petitioner's religious objections to certain coverage of the Federal Employees Health Benefits (FEHB) program. We affirm.

## I.

In 1979 petitioner sought and received a career conditional appointment as a civilian employee of the United States Navy. Like most federal employees, upon appointment he planned to choose a group health insurance plan from among those selected by the Office of Personnel Management (OPM) for the FEHB program, for which the Government contributes slightly more than half the cost. However, due to religious convictions petitioner desired a plan that did not provide coverage for abortions or contraception. No such plan was then available, so he requested the reduction of his premiums by that portion which could be allocated to abortions and contraception. He was informed, however, that FEHB simply had no provision for such a reduction. He finally chose a plan and paid the full employee contribution under protest.

In appealing to the board the refusals to reduce his premiums or to provide a plan acceptable to him, petitioner claimed that he was being forced, in violation of his rights under the first amendment to the Constitution, financially to support medical procedures to which he was religiously opposed. Petitioner was terminated after less than 7 months of service (during his probationary period) for performance-based reasons. He also appealed the termination.

The board, consolidating the first amendment claim and the termination claim, upheld the termination without addressing the constitutional issue.[1] Petitioner appealed that decision to the United States Court of Claims which upheld the termination decision but remanded for consideration of the constitutional issue.[2] On remand, the board held that it was without jurisdiction of petitioner's constitutional claim because no statute or regulation provided for board review of the discretionary authority of OPM to contract with qualified carriers for group health insurance plans.[3] Petitioner then took this appeal to us,[4] urging reversal of the board on the jurisdictional issue and a decision in his favor on the merits.

## II.

In briefing the jurisdictional issue which is the center of this case, the Government contends that this court does not have jurisdiction over the petitioner's appeal. Since petitioner's appeal does not come within the subject matter which the board is permitted to review, respondent argues, the court as reviewer of the board does not have subject matter jurisdiction over petitioner's appeal from the board.

The effect of the Government's position is to create an additional question—the *court's* jurisdiction—to be resolved in all appeals from the Merit Systems Protection Board,[5] and that question must be resolved by reference to the statutory and case law governing the Federal Circuit. We consider respondent's approach an unhelpful and confusing way to present the jurisdiction question in appeals from the board, because it is not the court's jurisdiction to review a decision of the board, but the board's jurisdiction to consider the question raised by petitioner, that is at issue.

## A.

Cases which are brought to the board pursuant to its general jurisdiction to re-

1. *Rosano v. Department of the Navy,* MSPB Docket No. SF315H8010134 (order, Dec. 12, 1980).

2. *Rosano v. U.S. Marine Corps,* Ct.Cl.App. No. 6–81 (order, Jan. 19, 1982).

3. *Rosano v. U.S. Marine Corps,* MSPB Docket No. SF315H8010134 (opinion and order, Apr. 8, 1982).

4. Because the board did not reach the merits of this case, it—not the employing agency—should have been named respondent pursuant to 5 U.S.C. § 7703(a)(2). *Phillips v. U.S. Postal Service,* 695 F.2d 1389 at 1390 n. 2 (C.A.Fed. 1982).

5. Actions before the board based on discrimination claims, 5 U.S.C. § 7702(a) (Supp. V 1981), follow an entirely different route. They are handled by the board under special procedures and they are never appealable to the Federal Circuit, going instead to the district courts. 5 U.S.C. §§ 7702(b)–(f), 7703(b)(2). This case is not based on § 7702 and this opinion does not apply to § 7702 actions.

view agency employment actions are procedurally governed by the Civil Service Reform Act of 1978,[6] as amended by the Federal Courts Improvement Act of 1982,[7] the relevant parts of which are codified at 5 U.S.C. §§ 7701, 7703. Section 7701 specifies (albeit by referring to other parts of the Civil Service Reform Act and by authorizing regulations) those actions over which the board has subject matter jurisdiction.[8] Section 7703 specifies no subject matter but simply provides that the Federal Circuit has exclusive jurisdiction of all appeals from the board of cases, like this one, brought to the board under section 7701.[9]

For the Government to place this court's jurisdiction in issue on appeal, therefore, it must refer to section 7703 which governs jurisdiction of the Federal Circuit. Section 7703, however, offers no clue to the actual subject matters of the cases within the court's jurisdiction, but rather specifies only the source of the cases. In directing attention to the court's jurisdiction, the Government refers us to a provision which is of no help in determining subject matter jurisdiction.[10]

B.

■ Directing attention to the court's jurisdiction is also analytically wrong. The court's jurisdiction to review section 7701 board decisions is plenary; we find no exceptions which might be raised in the proposed additional jurisdictional inquiry.

The Government's insistence on questioning this court's jurisdiction may be a holdover from its practice before the Court of Claims, one of our predecessor courts. Prior to the Federal Courts Improvement Act, the Court of Claims had held in *Dunn v. United States Department of Agriculture* that it was limited by the Tucker Act[11] to review of cases "where, if the petitioner prevails, he would be entitled to back pay or some other form of monetary relief."[12] The non-monetary cases were to be heard in the courts of appeals which at that time had concurrent jurisdiction with the Court of Claims over board appeals.

6. Pub.L. No. 95–454, 92 Stat. 1111 (1978). All references to sections of the Civil Service Reform Act will be to its codification in the U.S. Code: 5 U.S.C. §§ 7701–7703 (Supp. V 1981), *as amended.*

7. Pub.L. No. 97–164, 96 Stat. 25 (1982). All references to sections of the Federal Courts Improvement Act will be to the public law, *not* to its codification.

The Federal Courts Improvement Act, which created the U.S. Court of Appeals for the Federal Circuit and the U.S. Claims Court, added 28 U.S.C. § 1295 to the Judicial Code to define the jurisdiction of the Federal Circuit and amended the Civil Service Reform Act, 5 U.S.C. § 7703, to refer all § 7701 board appeals to the Federal Circuit. Federal Courts Improvement Act, §§ 127(a), 144, 96 Stat. 37–38, 45.

8. 5 U.S.C. § 7701(a). The actual content of the jurisdiction conferred by statute and regulation is the subject of part III of this opinion. Here we discuss structure only.

9. 5 U.S.C. § 7703(b)(1). It provides in pertinent part: "Except as provided in paragraph (2) of this subsection [*i.e.,* § 7702 discrimination claims], a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."

The parallel section of the Judicial Code, 28 U.S.C. § 1295(a)(9), provides: "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction— * * * (9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5; * * *." Section 7703(d) appeals are not relevant to this case.

10. An analogy might be drawn to the review by the other courts of appeals of district court jurisdiction pursuant to, say, 28 U.S.C. § 1332 (diversity of citizenship). The jurisdiction of the courts of appeals to review the district courts is set out at 28 U.S.C. § 1291, which says no more than that the courts of appeals may review final decisions of the district courts. A challenge to diversity of citizenship in the court of appeals would therefore discuss the district court's jurisdiction as set out by § 1332, not the court of appeals' jurisdiction as set forth in § 1291. With respect to structure, the Federal Circuit functions just as the other circuits do. H.R.Rep. No. 312 at 18; S.Rep. No. 275 at 2–3, 1982 U.S.Code Cong. & Ad. News 11, at 12–13.

11. 28 U.S.C. § 1491 (1976). The Tucker Act has been amended by the Federal Courts Improvement Act. *See* note 15, *infra.*

12. *Dunn v. U.S. Dep't of Agriculture,* 654 F.2d 64, 66–67 (Ct.Cl.1981).

In making its argument, the Government relies heavily upon *Dunn* and the pre-Federal Courts Improvement Act version of section 7703.[13] However, the Federal Courts Improvement Act removed from section 7703 the reference to the Tucker Act, which was the basis of the *Dunn* holding.[14] The legislative history confirms the obvious implication that Congress intended to remove the *Dunn* limitation. The House report states explicitly:[15]

> [T]he court has jurisdiction * * * over all appeals from the Merit Systems Protection Board (including cases over which the Court of Claims did not have jurisdiction[5]). * * *
>
> [5] *See Dunn v. United States, Dept. of Agriculture [sic]* [citation omitted].

In other words, the Federal Courts Improvement Act constitutes a net gain in the scope of jurisdiction over that of our predecessor court in section 7701 board cases: *all* such appeals *must* go to this court.[16]

We hold that, with respect to cases brought under section 7701,[17] the scope of the subject matter jurisdiction of this court is identical to the scope of the jurisdiction of the board. Resolution of this case turns on the correctness of the board's determination that the board did not have jurisdiction of the case. It is to that question we now turn, for, however the board or the court resolves it, this court has the power and duty to make that determination.

### III.

Section 7701 gives the board jurisdiction over "any action which is appealable to the Board under any law, rule, or regulation."[18] The board's substantive jurisdiction is set out in OPM and board regulations, and petitioner points out two areas in particular under which he believes that his claim fits.

### A.

▉ The first, 5 C.F.R. § 1201.3(a)(6), authorizes review by the board of "[d]eterminations relating to disability retirement, health insurance and annuities."[19] "Determinations" is the limiting language in this provision, and petitioner's claim hangs on what "determination" means. The list of reviewable actions in section 1201.3(a) originally included solely the kind of actions, like removal or suspension, that can be taken

---

**13.** The Government's theory that *Dunn* still applies is unlikely on its face. If *Dunn* applied, then by removing all jurisdiction over board appeals from the other circuits and granting it exclusively to the Federal Circuit, the Federal Courts Improvement Act would have created a situation in which there is no judicial review available for non-monetary board cases. Putting aside any constitutional problems with this arrangement, there is a strong presumption against unreviewability in the absence of a specific congressional directive. *Dunlop v. Bachowski,* 421 U.S. 560, 567, 95 S.Ct. 1851, 1857, 44 L.Ed.2d 377 (1975); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967).

**14.** *Dunn,* 654 F.2d at 66. Indeed, the Tucker Act no longer applies to the Federal Circuit at all. Federal Courts Improvement Act, § 133(a), 96 Stat. 39–40. *See* H.R.Rep. No. 312 at 24, 43–44; S.Rep. No. 275 at 22–23, 1982 U.S.Code Cong. & Ad.News at 32–33. Whatever effect the Tucker Act still has on the Federal Circuit, it is purely derivative from the Claims Court (to which the Tucker Act now applies), and the present case, of course, has not reached us from that court.

**15.** H.R.Rep. No. 312 at 18. *See also* H.R.Rep. No. 312 at 42–43 (section-by-section analysis); S.Rep. No. 275 at 21, 1982 U.S.Code Cong. & Ad.News at 31 ("jurisdiction of any appeal from a final order or final decision of the Merit Systems Protection Board").

**16.** There is no need for this court to overrule *Dunn* to arrive at this conclusion. While normally binding precedent, *see South Corp. v. United States,* 690 F.2d 1368, 1370, 215 U.S. P.Q. 657, 658 (C.A.Fed.1982) (en banc) (Federal Circuit bound by precedents of its predecessor courts), *Dunn* applies to an aspect of Court of Claims jurisdiction which was expressly changed by the Federal Courts Improvement Act in creating the Federal Circuit. *Dunn* need not be overruled for it is simply inapplicable; to the extent that it is overruled, Congress has done it.

**17.** This of course leaves open a challenge that a case was actually brought under § 7702. *See* note 6, *supra.*

**18.** 5 U.S.C. § 7701(a).

**19.** 5 C.F.R. § 1201.3(a)(6) (1982).

only on an individual basis by the employing agency.[20] Only in the final revision of the regulation was the provision for determinations concerning health insurance in paragraph (6) added.[21] The complete absence of agency comment on this change strongly suggests that the "determinations" referred to in the present version are simply another area of individual decisions taken by the employer agency.[22] This is the only reading of paragraph (6) that brings it into harmony with the rest of the regulation in providing for jurisdiction of the kind of individual actions which the board is designed to hear.

Petitioner's real objection is to the overall health insurance policy of OPM which did not provide any abortion- and contraception-free plans. This policy is not, in the sense of the regulation, a determination by petitioner's employing agency relating to health insurance. The Navy made no individual decision with respect to petitioner's insurance benefits; it simply informed him of FEHB options, determined by OPM, which the Navy had no power to change.[23] There is no question that the Navy performed its obligation to give petitioner full opportunity to choose any existing plan for which he was eligible.

### B.

■ The second possibility is the general provision for review of "certain decisions of the Office of Personnel Management relating to retirement and insurance benefits" in the introductory paragraph of section 1201.-3(a).[24] Petitioner is attacking a decision of OPM, but is it one of the *certain* decisions reviewable by the board? To decide this we must look beyond the general regulation to the regulations governing the FEHB program.[25] The FEHB regulations do not provide for review either of the kind of decision to which petitioner objects or indeed, by the board, of any insurance decision.[26] They cover only decisions "refusing to permit registration for or change of enrollment or refusing to permit enrollment of an individual as a family member"[27] and "individual claims for payment or service under health benefits plans."[28] Again, the Navy has in no way obstructed petitioner's access to any benefits available to other employees under the FEHB program.

Petitioner, by contrast, is challenging the overall OPM decision to approve or not to approve health plans submitted to it by insurance carriers. The standards for that decision are set out by statute[29] and regulation[30] and neither provides for review by the board.[31] We therefore conclude that

20. *See* 44 Fed.Reg. 3947 (Jan. 19, 1979) (original version of § 1201.3, published as interim regulation); 44 Fed.Reg. 17969 (Mar. 23, 1979) (slightly altered version of interim § 1201.3, published as proposed final rule).

21. *See* 44 Fed.Reg. 38342 (June 29, 1979) (analysis of § 1201.3(a), published as final rule).

22. *See generally* 44 Fed.Reg. 38342 (agency response to public comments on proposed final rule).

23. The authority to contract with insurance carriers is given to OPM. 5 U.S.C. § 8902 (1976 & Supp. V 1981).

For the same reason, petitioner's reliance on the statutory statement of "prohibited personnel practices," 5 U.S.C. § 2302(b)(1)–(11) (Supp. V 1981), is misplaced. A "prohibited personnel practice" is an action taken by an "employee who has authority to take, direct others to take, recommend, or approve any personnel action." 5 U.S.C. § 2302(b). The definition of "personnel action" in § 2302(a)(2)(A), like the actions listed in 5

C.F.R. § 1201.3(a) discussed in the text, refers to individual adverse personnel actions. The Navy's actions with respect to the FEHB options do not fit this description.

24. 5 C.F.R. § 1201.3(a) (1982).

25. 44 Fed.Reg. 38342 (analysis of 5 C.F.R. § 1201.3(a)).

26. 5 C.F.R. §§ 890.104–890.105 (1982).

27. 5 C.F.R. § 890.104(a).

28. 5 C.F.R. § 890.105(a).

29. 5 U.S.C. §§ 8902–8903.

30. 5 C.F.R. §§ 890.201–890.205 (1982).

31. The only provision for review of contracting decisions, which are by and large discretionary with OPM (*see* 5 U.S.C. § 8902(a)), designates the district courts and the Claims Court as the proper avenues to seek relief. 5 U.S.C. § 8912

the board correctly held that it did not have jurisdiction over petitioner's claim.

### IV.

 Finally, the Government urges us not to remand the case to the Claims Court because the Claims Court has no jurisdiction of this case under the Tucker Act.[32] We grant the request but for different reasons.

It would be premature for us to make a determination of the jurisdiction of the Claims Court under the Tucker Act on the basis of a case prepared for the board under the Civil Service Reform Act. In making its argument on this point, the Government again seems to confuse the relationship of the Federal Circuit to the Claims Court with the relationship of the Court of Claims to its trial division. The Court of Claims could remand to its trial division for preliminary review anything over which that court had jurisdiction. Since such a remand was all within the same court, no new pleadings were necessary or desirable. That is no longer the case. The Claims Court is an entirely separate body from the Federal Circuit; it has its own independently appointed judges and its own rules. We cannot simply ignore the Claims Court's original filing requirements and jurisdictional determination.[33] It will be time enough to consider whether the Claims Court has jurisdiction over the case if and when petitioner files a new suit in that court.

### V.

This case having been appealed to us from the board, we hold that the board correctly determined that it had no jurisdiction. If petitioner cares to pursue the matter, and he is not time barred, he may file in the Claims Court or in a district court, whichever (if either) he believes has juris-

diction of his case. In view of our disposition of the case, we have no occasion to address petitioner's claims for attorney's fees.

AFFIRMED.

---

(1976), as amended by the Federal Courts Improvement Act. We do not express an opinion whether petitioner states a claim within the jurisdiction of the Claims Court. *See* part IV, *infra.*

**33.** It is unnecessary in this case to consider whether, and under what circumstances, a case, not originally before the Claims Court, could be "remanded," "referred," or otherwise "sent" there by the Federal Circuit.

