**Howard D. COWAN, Petitioner,**

v.

**The UNITED STATES, Respondent.**

**Appeal No. 83–631.**

United States Court of Appeals Federal Circuit.

June 22, 1983.

Preston Henrichson, Edinburg, Tex., argued for petitioner.

Jane W. Vanneman, Washington, D.C., argued for respondent. With her on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and Donnie Hoover, Asst. Branch Director. Thomas D. Edmondson, U.S. Dept. of Agriculture, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and NICHOLS and SMITH, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

Petitioner appeals from the Merit Systems Protection Board (board) decision that he stated no claim, in connection with his separation in a reduction-in-force action, over which the board has jurisdiction. We affirm.

Petitioner was employed as an Aviation Safety Inspector with the Animal and Plant Health Inspection Service (APHIS) of the Department of Agriculture. At the time of his separation he was stationed at Guadalajara, Mexico, as part of the joint Mexican-American program to eradicate the screwworm. He was assigned to Guadalajara in 1976 from his prior duty station at Mission, Texas. APHIS Directive 416.3, "Appointments and Transfers of U.S. Citizens to Foreign Countries," relates to the official activities of employees on overseas assignments and in it APHIS undertakes to make "every effort" to place the employee in a position in the United States at the expiration of the overseas tour of duty.[1]

---

1. APHIS Directive 416.3(IX)(D) (1976); *see also* Directive 416.3(IX)(E) ("positive placement efforts").

In 1980, as the result of a reorganization, petitioner's position was abolished and he was separated in a reduction in force. Petitioner challenged his removal on the grounds (1) that it violated Government-wide reduction-in-force regulations, 5 C.F.R. part 351,[2] and APHIS reduction-in-force regulations, Directive 425.1,[3] and (2) that it violated APHIS Directive 416.3. APHIS admittedly did not make every effort to place petitioner in the United States. It also seems to be agreed that had it done so a position probably could have been found; at any rate, that is petitioner's contention and we will take it as true for the purpose of determining jurisdiction.[4]

The board field office found that part 351 and Directive 425.1 had not been violated but that Directive 416.3 had, so it reversed the agency action. The board itself, however, reversed the field office and held that it had no jurisdiction to reverse an agency action under Directive 416.3. Agreeing that the reduction-in-force regulations had not been violated, the board sustained the agency action. The principal issue on appeal is the board's jurisdiction to consider violations of Directive 416.3.

■ The board has no plenary jurisdiction; rather, its jurisdiction is limited to those areas specifically granted by statute or regulation.[5] Office of Personnel Management (OPM) and board regulations permit appeal to the board arising out of a reduction in force by an "employee who has been affected by a reduction in force action and who believes this part [*i.e.*, part 351] has not been correctly applied."[6] The board has held that it also has jurisdiction of agency-created reduction-in-force rights.[7]

■ Petitioner alleges violation of APHIS and OPM reduction-in-force procedures. Specifically, he claims that the competitive area in which he would have the right to compete for retention was too narrowly drawn.[8] The area was geographically drawn by the agency as Mexico (organizationally, it was APHIS, Veterinary Services), and petitioner believes that Mission, Texas—a border town and his original post—should have been included. The agency had valid, rational reasons for drawing the boundaries as it did, the board found no error therein, and we are presented no adequate basis for overturning those findings. We therefore affirm the board on this point and turn to the Directive 416.3 issue, on which petitioner's appeal concentrates almost exclusively.

■ As we have said, the board has jurisdiction of reduction-in-force actions. We will assume for the sake of argument that it also has jurisdiction of violations of agency reduction-in-force rights.[9] The question before us, therefore, is whether Directive 416.3 creates reduction-in-force rights. We hold that it does not.

The agency in this case has created reduction-in-force rights, but they are provided for, not in Directive 416.3, but instead in Directive 425.1, "Reductions in Force." We have examined Directive 425.1 and we see no indication that it subsumes Directive 416.3—or any other directive—into the reduction-in-force rights it grants. Conversely, there is nothing in Directive 416.3 that suggests that it operates in tandem with Directive 425.1 in the event of a reduction in force. There are no cross-references be-

**2.** 5 C.F.R. §§ 351.201 *et seq.* (1983).

**3.** APHIS Directive 425.1 (1974).

**4.** *See Federal Trade Comm'n v. Dean Foods Co.*, 384 U.S. 597, 601, 86 S.Ct. 1738, 1741, 16 L.Ed.2d 802 (1966).

**5.** 5 U.S.C. § 7701(a) (Supp. V 1981); *Rosano v. Department of the Navy*, 699 F.2d 1315, 1318–20 (Fed.Cir.1983); *Atwell v. Merit Systems Protection Board*, 670 F.2d 272, 280 (D.C.Cir. 1981). *See* 5 C.F.R. § 1201.3(a) (1983).

**6.** 5 C.F.R. §§ 351.901, 1201.3(a)(1).

**7.** *See Deck v. Department of the Army*, 7 M.S. P.B. 443, 444 (1981). We need not and do not decide in this case whether the board is correct in this assertion of jurisdiction.

**8.** 5 C.F.R. § 351.402.

**9.** *See supra* note 7.

tween the two directives, or between Directive 416.3 and part 351.

The two directives are in fact aimed at two different situations. Directive 425.1, on reductions in force, deals with the involuntary separation or transfer of an employee; whereas Directive 416.3, to the extent that it applies to the end of an assignment, applies to the natural (so to speak) expiration of a tour of duty of a fixed time limit. The applicable parts of Directive 416.3 read: [10]

> D *Return to the U.S.* At the *expiration* of the 2-year tour (i.e., the initial or a subsequent tour), every effort will be made by program officials and the SPO [*i.e.,* Servicing Personnel Office] to place the employee in the U.S. if the *employee does not want* to accept an additional 2-year tour or if the restriction imposed in C above is applicable and is not waived. \* \* \* [I]t is incumbent upon management to pursue in good faith appropriate placement action in each case *where the employee has completed the 2-year tour* and indicates his desire to return to the U.S. Employees should, on the other hand, notify management as early as possible after they have decided not to accept another 2-year tour.
>
> E  *Job Rights Upon Return to the U.S.* When employees are being returned to the U.S. *after completion of their tour or tours,* APHIS will make positive placement efforts to return them to positions equal in grade to the position currently being held on foreign assignment. \* \* \*
> [Emphasis supplied.]

In short, Directive 416.3 has nothing to do with involuntary returns like a reduction in force; [11] therefore, it does not create reduction-in-force rights.

 A contrary finding would make it nearly impossible for APHIS to conduct a genuine reduction in force of overseas employees, because under Directive 416.3 all overseas employees would have the right to positions in the United States and no real reduction would occur. Nor should Directive 416.3 be read to give overseas employees automatically superior rights to domestic workers in the event of a reduction in force by *guaranteeing* overseas workers a retreat position. We will not read Directive 416.3 to frustrate other APHIS or OPM regulations which permit reductions in force and give affected employees specific, limited rights.[12]

We therefore hold that APHIS Directive 416.3 provides no reduction-in-force rights over which the board can exercise jurisdiction pursuant to 5 C.F.R. §§ 351.901 and 1201.3(a)(1). The board's decision is therefore affirmed.

AFFIRMED.

---

**10.** APHIS Directive 416.3(IX)(D), (E).

**11.** Indeed, the disjunction between the reduction-in-force rights of Directive 425.1 and the return rights of Directive 416.3 is so large that it does not seem that the return provisions of Directive 416.3 apply to petitioner at all. It would not provide him with a cause of action in this case even if the board had jurisdiction to hear his appeal. As is evident from the quoted portions of the directive, petitioner's separation in a reduction in force is not at all the kind of thing contemplated by Directive 416.3: petitioner had not completed a second tour of duty; he had not chosen not to accept another overseas tour; and he was not barred from doing so by general time limitations (APHIS Directive 416.3 (IX)(C)).

**12.** *See* APHIS Directive 425.1(3); 5 C.F.R. §§ 351.701–351.705.