824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Virginia L. LOXTERKAMP, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3130.
 United States Court of Appeals, Federal Circuit.
 June 9, 1987.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), MSPB Docket No. DE08918610480, dismissing the petitioner's appeal for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 A. This case involves 5 U.S.C. Sec. 8905(b) (1982), which allows an individual who is covered by the Federal Employees Health Benefits Program of 1960 (Benefits Program) to continue his coverage under that program after his retirement from the federal service. In order to qualify for retirement coverage, however, an employee must have been continuously enrolled in the Benefits Program (1) during all of his government service since his first opportunity to enroll, (2) during all of his service in which he was eligible to be enrolled from on or before December 31, 1964, until retirement, or (3) for the five years of service immediately preceding his retirement. Id.
 
 
 3
 The petitioner states that she was a full-time government employee from January of 1958 until her retirement in January of 1978; that upon her marriage in 1954 to Wallace G. Filiatrault, an active-duty serviceman, she qualified for benefits under CHAMPUS, the Health Benefits program for active-duty personnel of the uniformed services and their dependents; that she and Mr. Filiatrault were divorced, apparently prior to her retirement; that prior to her retirement she attempted unsuccessfully, both at her personnel office and at the Office of Personnel Management (OPM), to convert her health coverage from CHAMPUS to the Benefits Program; and that OPM's refusal to allow her to convert was erroneous because OPM regulations "allow[ ] anyone retiring with CHAMPUS health coverage to transfer to any civilian insurance of their [sic] choice."
 
 
 4
 After her retirement, the petitioner again requested retirement coverage under the Benefits Program. OPM denied the request on the ground that she was ineligible for such coverage because she had not been enrolled in the Benefits Program prior to her separation from the federal service.
 
 
 5
 The petitioner subsequently filed a petition for review of OPM's decision with the Board. A presiding official of the Board dismissed the appeal for lack of jurisdiction, on the ground that the Board has no jurisdiction over appeals relating to "health plan enrollment."
 
 
 6
 B. The Board properly dismissed the petitioner's appeal. The jurisdiction of the Board is limited; it covers only those cases specifically made appealable to it by law, rule or regulation. 5 U.S.C. Sec. 7701(a) (1982); Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983).
 
 
 7
 No statute or regulation authorizes the Board to review OPM's determination that the petitioner was ineligible for coverage under the Benefits Program. Although the Board has authority to review OPM's determinations concerning an employee's eligibility for Civil Service Retirement Act benefits awarded pursuant to chapter 83 of title 5 of the United States Code, see 5 C.F.R. Sec. 831.110, the Board's jurisdiction does not extend to cases involving claims for coverage under the Benefits Program, which arise under chapter 89, rather than chapter 83, of title 5 of the United States Code. The Board correctly held that it had no jurisdiction to review OPM's denial of the petitioner's claim for coverage under the Benefits Program, and we have no alternative but to affirm that decision.
 
 
 8
 C. The procedure the petitioner (who is acting pro se) should have followed to challenge the OPM decision was to file suit in the district court under 5 U.S.C. Sec. 8912 (1982). That section gives the district courts "original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim against the United States founded on [Chapter 89]." Under this provision, district courts have the authority to hear "all suits brought to enforce rights and obligations created by the [Benefits Program]." See National Treasury Employees Union v. Campbell, 589 F.2d 669, 674 (D.C.Cir.1978).
 
 
 9
 Our affirmance of the Board's dismissal of the petitioner's appeal is without prejudice to her filing a suit in an appropriate district court to challenge OPM's refusal to permit her to convert her CHAMPUS coverage to coverage under the Benefits Program. Cf. Supplement 890-1 of the Federal Personnel Manual, subchapter S7-3(1) (March 1981), which provides that, if certain requirements are met, an employee may make such a conversion.