826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph MALONE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3203
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before MARKEY, Chief Judge, and RICH and DAVIS, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), dismissing with prejudice (for lack of MSPB jurisdiction) petitioner's appeal to the Board (MSPB Docket No. SF07318710093), is affirmed.
 
 OPINION
 
 2
 Petitioner had formerly (August 1981-October 1984) been an employee of the Internal Revenue Service (IRS), in the Los Angeles District, as a Taxpayer Service Representatives GS-4/5/6. After a checkered career in that position[1] he was removed (October 1984) for unacceptable performance. He later applied for the position of Taxpayer Service Representative, GS-3, with IRS and his name appeared on the list of eligible and available applicants forwarded to IRS by the Office of Personnel Management (OPM). IRS then submitted to OPM a formal objection to Malone as an eligible, setting forth the history of the latter's previous unsatisfactory performance with IRS. OPM sustained IRS's objection. Petitioner then appealed to the MSPB. The Board's administrative judge held that the Board had no jurisdiction over that appeal. Petitioner did not seek review by the full Board.
 
 
 3
 It is settled that the MSPB has jurisdiction only over those actions made appealable to it by statute or regulation. Cowan v. United States, 710 F.2d 803 (Fed. Cir. 1983). If OPM's decision were one adverse to Malone's suitability, the MSPB would have jurisdiction (5 C.F.R. Sec. 731.401). The fact is however (as the administrative judge held) that OPM did not make a suitability determination but, rather, sustained (under 5 C.F.R. Sec. 332.406) the objection of the employing agency (IRS) to certification of Malone as eligible for the open position. 5 C.F.R. Sec. 332.406 expressly authorized IRS and OPM to act just as they did with respect to petitioner. Moreover, there is no provision for appeal to the MSPB of an OPM decision sustaining an objection under 5 C.F.R. Sec. 332.406.[2] Q.E.D.
 
 
 
 [1]
 His difficulties all related to the acceptability of his performance
 
 
 [2]
 The administrative judge's initial decision answers petitioner's arguments and shows that, in the absence of a specific appeal provision, MSPB lacks jurisdiction