831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel LACAYO, Petitioner.
v.
DEPARTMENT OF the NAVY, Respondent.
 Appeal No. 87-3275
 United States Court of Appeals, Federal Circuit.
 September 10, 1987.
 
 Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. SF07528610743, dismissing petitioner's appeal to the MSPB for lack of jurisdiction, are affirmed.
 
 OPINION
 
 2
 Petitioner, an employee of the Long Beach Naval Shipyard, appealed (on August 1, 1986) to the MSPB without indicating the nature of the agency action he was appealing except to claim that it was discriminatory. In response to the Board's request for clarification of his appeal, he simply repeated his claim of discrimination. The MSPB administrative judge then dismissed the appeal for lack of jurisdiction because the Board has no jurisdiction over a claim of discrimination unless it is accompanied by a matter that is otherwise appealable to the MSPB. The full Board declined review.
 
 
 3
 It appears that petitioner had previously been demoted by his agency and this demotion had been appealed by him to the MSPB on February 11, 1984. This appeal was dismissed (on April 13, 1984) by the MSPB as ultimely. That MSPB decision was affirmed by this court. Lacayo v. Merit Systems Protection Board, Fed. Cir. No. 84-1431 (Oct. 12, 1984) (unpublished). If Lacayo is attempting to add belatedly to, or to reopen, that earlier case, he has presented nothing warranting a reconsideration or reopening at this late date; even if the current claim of discrimination was not then presented, that failure would not have affected the untimeliness of that appeal to the MSPB.
 
 
 4
 If, however, petitioner is now attempting to raise an issue of discrimination for the first time and on its own, we must agree with the Board that it had no jurisdiction. It is settled that the MSPB cannot consider a pure claim of discrimination unaccompanied by an appealable employment action--and here petitioner states no such appealable action. The MSPB does not have plenary appellate jurisdiction but is limited to actions which are appealable to it under some law, rule, or regulation. Cowan v. United States, 710 F.2d 803, 805 (Fed. Cir. 1983). Lacayo has not set forth any new agency action that is properly appealable to the Board. Finally, petitioner's complaint that the MSPB failed to appoint counsel for him is meritless; he has no such right.