956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald S. DICK, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 91-3589.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1992.
 
 Before RICH, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ronald S. Dick (Mr. Dick) appeals from the Administrative Judge's (AJ) May 2, 1991 Initial Decision, Docket No. DC34439110226, which became final on August 6, 1991 upon the Merit Systems Protection Board's (Board) denial of review. The Board dismissed Mr. Dick's appeal after it determined that it was without jurisdiction to hear his case. We affirm.
 
 OPINION
 
 2
 Mr. Dick, who had been discharged in 1975 from his employment with the Social Security Administration (SSA), appealed to the Board alleging that the SSA failed to comply with orders issued by the United States Court of Appeals for the District of Columbia that allegedly required the SSA to rehire him. The Board dismissed the appeal based on its lack of jurisdiction to address subject matter not specifically conferred on it by statute or regulation. See 5 U.S.C. § 7701; Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983).
 
 
 3
 The burden of proof was on Mr. Dick to establish the Board had jurisdiction. See 5 C.F.R. § 1201.56(a)(2)(i). Accordingly, he was ordered to submit evidence to demonstrate that his action was within the Board's jurisdiction. Mr. Dick never submitted such evidence. Nor has he even attempted to show why the MSPB is the proper forum for hearing his complaint that the SSA has failed to comply with the order of another court. In contrast, the Agency submitted evidence including, among other things, copies of the Court orders referenced by Mr. Dick establishing that there was no appealable subject matter referenced therein. As a result the Board dismissed Mr. Dick's appeal.
 
 
 4
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We find no such error here and, accordingly, affirm.