48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Samuel L. LOVETT, Sr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3130.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
 
 60 M.S.P.R. 38.
 AFFIRMED.
 Before MAYER, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Samuel L. Lovett, Sr., petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. The board's initial decision of August 10, 1993, Docket No. AT-0752-93-0563-I-1, became final when the full board denied Lovett's petition for review on November 24, 1994. We affirm.
 
 
 2
 Facing complaints for making unwelcome sexual advances toward several postal customers, Lovett applied for voluntary retirement from the United States Postal Service. The retirement became effective April 30, 1993. Before the effective date of retirement, however, the agency proposed to remove Lovett for unacceptable conduct. After giving him the opportunity to respond, the agency notified Lovett that he would be removed on May 10, 1993. The removal was never executed because of the earlier effective date of retirement.
 
 
 3
 Lovett appealed the proposed removal to the Merit Systems Protection Board. At the hearing, he testified that a postal inspector improperly threatened him with criminal prosecution to force him to retire even though the inspector knew that the U.S. Attorney's office would not prosecute. Lovett argued that this threat transformed his voluntary retirement into a coerced, involuntary retirement and that the board had jurisdiction to hear the appeal. The postal inspector testified that he never threatened Lovett with criminal prosecution. The board credited the postal inspector's testimony, discounted Lovett's testimony, citing specific reasons for doing so, and dismissed for lack of jurisdiction.
 
 
 4
 The board's jurisdiction is limited to those areas specifically granted by law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1988); Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983). Jurisdiction in this case hinges on the credibility of the postal inspector over that of Lovett. Credibility determinations by the board are virtually unreviewable by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Dittmore-Freimuth Corp. v. United States, 390 F.2d 664, 685 (Ct.Cl.1968) (credibility determination will not be disturbed unless inherently improbable or discredited by undisputed evidence or physical act). We have been given no reason to disturb the board's determination, and agree that it did not have jurisdiction to hear Lovett's appeal.