52 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin E. KING, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3137.
 United States Court of Appeals, Federal Circuit.
 April 12, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Benjamin E. King seeks review of the final decision of the Merit Systems Protection Board (MSPB or Board), dismissing his appeal for lack of jurisdiction. The administrative judge's initial decision of August 10, 1994, Docket No. CH-3443-94-0727-I-1, became final when the full Board denied the petition for review. We affirm the decision of the MSPB.
 
 
 2
 On June 23, 1994 Mr. King, a former employee of the Postal Service, appealed from the agency's action which denied his application for a new position as a Part-Time Flexible Distribution Clerk because he did not have a driver's license. We have carefully considered each of Mr. King's arguments and have set out below our reasons for affirming the decision of the MSPB.
 
 I.
 
 3
 The jurisdiction of the MSPB is limited to agency actions for which the right to appeal is specifically granted by law, rule, or regulation. 5 U.S.C. Sec. 7701a (1988). See Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983). The denial of Mr. King's application on the grounds stated by the Postal Service, is not one of the adverse agency actions listed in 5 U.S.C. Sec. 7512 (1988), which authorizes him to appeal to the MSPB. The failure of the agency to include in the job description (referred to by Mr. King as the "call-in-notice") a statement that a driver's license was required, is not a ground for appeal to the MSPB.
 
 II.
 
 4
 Mr. King's second contention is that he was discriminated against in violation of 5 U.S.C. Sec. 2302(b)(1) (1988). However, because the MSPB did not have jurisdiction over his appeal on the ground stated above, it had no basis to consider his allegation of discrimination. That allegation standing alone does not provide an independent ground for appealing to the Board. See Price v. United States Postal Service, 50 MSPR 107, 110 (1991).
 
 III.
 
 5
 Mr. King has alleged in general that his claim falls within the jurisdiction of the MSPB under the provisions of 5 C.F.R. Secs. 1201.3(a)(7) and 1201.3(a)(19). These regulations relate to the authority of the MSPB to hear appeals from actions taken by the Office of Personnel Management (OPM). However, Mr. King has not alleged that the OPM was in any way involved in the decision of the Postal Service.
 
 IV.
 
 6
 Mr. King also contends that the MSPB had jurisdiction over his appeal pursuant to the Deceptive Business Practices Act, 15 U.S.C. Sec. 45 (1988). That statute relates to authority which Congress has granted to the Federal Trade Commission. There is no statute which authorizes the MSPB to hear appeals in matters involving unfair trade practices.
 
 V.
 
 7
 Finally, Mr. King argues that the agency conspired to hinder and oppress his civil and Constitutional rights and privileges in violation of 18 U.S.C. Sec. 241 (1988). The statute he relies on is a part of the U.S.Code which covers crimes and criminal procedure. The MSPB has no jurisdiction over criminal cases.
 
 
 8
 Based on our review of the entire record in this case, we conclude that Mr. King has failed to establish any grounds for reversal of the MSPB decision.