82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cecilio Bernal HARRISON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3703.
 United States Court of Appeals, Federal Circuit.
 March 14, 1996.
Rehearing Denied Aug. 28, 1996.
 
 Before PLAGER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Mr. Cecilio Harrison appeals the decision of the Merit System Protection Board (Board) affirming the initial decision of the Panama Canal Commission dismissing his appeal for lack of jurisdiction. Because Mr. Harrison was not an employee within the meaning of 5 U.S.C. § 7511 (1994), this court affirms.
 
 
 2
 On March 18, 1992, the Panama Canal Commission removed Mr. Harrison, during his probationary period, from his position as a Motor Vehicle Operator in the Panama Canal Employment System (PCES). On January 9, 1995, Mr. Harrison appealed his removal to the Board. The administrative judge issued an acknowledgment order explaining that because he was a non-preference-eligible employee, the Board has no jurisdiction. The acknowledgement order directed Mr. Harrison to show that the Board had jurisdiction over the appeal and to explain why his appeal was not untimely.
 
 
 3
 In response, Mr. Harrison did not proffer any evidence pertaining to the issues of jurisdiction or timeliness. The Panama Canal Commission submitted documentation demonstrating that as a non-preference-eligible employee with the PCES, Mr. Harrison had no right to appeal his termination to the Board. The Board relied on this uncontested documentation and dismissed the appeal for lack of jurisdiction. Mr. Harrison appeals the Board's decision.
 
 Analysis
 
 4
 Under 5 U.S.C. § 7703(c) (1994), this court must affirm Board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rules or regulations having been followed; or (3) unsupported by substantial evidence. Furthermore, Mr. Harrison bears the burden of establishing Board jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2) (1995).
 
 
 5
 The Board's jurisdiction is limited to areas specifically granted by statute or regulation. Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983); McNeese v. Office of Personnel Management, 61 M.S.P.R. 70 (1994). The Board has no authority to broaden or narrow its jurisdiction. 5 U.S.C. § 7701(a) (1994) governs the appellate jurisdiction of the Board. This section provides that only an employee (or certain classes of applicants) as defined by statute may submit an appeal to the Board. 5 U.S.C. § 7511 defines "employee" as either a non-probationary individual in the competitive service or a preference-eligible. 5 U.S.C. §§ 7511(a)(1)(A) and (B). The undisputed record demonstrates that Mr. Harrison did not fall into these statutory categories. See 5 U.S.C. § 7511(b)(8) (1994). Because Mr. Harrison was a non-preference-eligible employee in the PCES, the Board had no authority to consider Mr. Harrison's claims and properly dismissed the appeal for lack of jurisdiction. Accordingly, this court affirms.