**Thomas H. PLOSS, Petitioner,**

**v.**

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3354.

United States Court of Appeals, Federal Circuit.

Feb. 14, 2001.

Before LOURIE, RADER, and DYK, Circuit Judges.

PER CURIAM.

Thomas H. Ploss seeks review of the final decision of the Merit Systems Protections Board (Board) dismissing his appeal for lack of jurisdiction. *Ploss v. Soc. Sec. Admin.*, 86 M.S.P.R. 337, No. CH–3443–99–0748–I–1 (M.S.P.B. June 7, 2000) (final order). Because Mr. Ploss has failed to demonstrate that the Board has jurisdiction over his appeal, this court *affirms*.

### I.

Since April 1980, Mr. Ploss has been an administrative law judge in the Office of Hearings and Appeals of the Social Security Administration (agency) in Chicago, Illinois. In September 1999, Mr. Ploss filed an appeal to the Board regarding the agency's denial of his requests for eight and one-half hours leave, as well as his placement by the agency on Absence Without Official Leave (AWOL) for the time period in which his leave requests were denied.

Mr. Ploss requested eight hours leave on July 28, 1998, based on an unexpected appearance before the Circuit Court of Cook County in a divorce action involving visitation rights with his children. Mr. Ploss also applied for one-half hour leave to visit his children on July 30, 1999. In both instances, the agency denied the requested leave because of Mr. Ploss' alleged failure to comply with proper leave re-

questing procedures, and charged him with AWOL, resulting in deductions from his paycheck.

On appeal, the administrative judge found that placement on AWOL did not constitute a "reduction in pay" for the purposes of 5 U.S.C. § 7521 (1994), and consequently, dismissed Mr. Ploss' appeal for lack of jurisdiction. *Ploss v. Soc. Sec. Admin.*, No. CH–3443–99–0748–I–1, slip op. at 2–3 (M.S.P.B. Nov.30, 1999) (initial decision).

On November 19, 2000, less than two weeks before the initial decision was mailed, Mr. Ploss moved for a protective order and for summary judgment, alleging he had been charged with two hours of AWOL after he went to a federal court law library to conduct legal research regarding his Board appeal. Mr. Ploss also invoked the Family and Medical Leave Act of 1993 (FMLA) as a basis for the Board's jurisdiction. Because the administrative judge found that the Board lacked jurisdiction, he did not reach the question of the timeliness of the November 19, 2000, filings. *Id.* at 3.

On appeal to this court, Mr. Ploss asserts that the Board erred by ignoring the provisions of the FMLA, the Board's own precedent, as well as an interpretation of the FMLA by the United States Court of Appeals for the Seventh Circuit. Mr. Ploss also alleges that the administrative judge erred by abusing his discretion in ignoring new evidence submitted by Mr. Ploss on November 19, 1999, with a petition for protection.

## II.

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that this court reviews without deference. *King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996). The burden rests on Mr. Ploss to show, by a preponderance of the evidence, that his appeal comes within the Board's jurisdiction. 5 C .F.R. § 1201.56(a)(2)(i) (2000); *Link v. Dep't of Treasury*, 51 F.3d 1577, 1581 (Fed.Cir. 1995); *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985).

The jurisdiction of the Board is limited to agency actions for which the right to appeal is specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). Section 7521 establishes and limits Board jurisdiction for actions against administrative law judges. 5 U.S.C. § 7521. In particular, actions covered by this section are: (1) a removal; (2) a suspension; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. 5 U.S.C. § 7521(b). "Pay" has been defined to mean "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4) (1994).

Although Mr. Ploss asserts that the charged AWOL resulted in money being deducted from his paycheck, he does not allege that his basic pay rate was reduced. Moreover, Mr. Ploss does not argue that his absences were not voluntary. This court has held that "where an employee has voluntarily absented himself from work, placement in a non-pay or AWOL status, even for longer than 14 days, is not a constructive suspension or other agency action appealable to the MSPB." *Perez v. Merit Sys. Prot. Bd.*, 931 F.2d 853, 855 (Fed.Cir.1991).

In his brief to this court, Mr. Ploss cites two cases, *Ellshoff v. Department of Interior*, 76 M.S.P.R. 54 (1997), and *Kelley v. Crosfield*, 135 F.3d 1202 (7th Cir.1998), apparently for the proposition that the FMLA may be invoked to require an agency to grant leave, and that FMLA should be extended to include visitation of chil-

dren. The employees in *Ellshoff* and *Kelley,* however, were actually removed from their jobs, not merely charged with AWOL. *Ellshoff,* 76 M.S.P.R. at 62 ("[T]he agency removed the appellant from her GS–11 Botanist position...."); *Kelley,* 135 F.3d at 1203 ("Crosfield terminated Kelley on his next work day on account of this four day absence...."). The removal of the employees in *Ellshoff* and *Kelley* fell squarely within § 7521(b)(1). In contrast, Mr. Ploss does not assert that he was removed from his position, or subject to any other action described in § 7521(b).

In sum, Mr. Ploss has not shown that his appeal comes within the Board's jurisdiction, as must be specifically granted under a law, rule, or regulation. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.56(a)(2).