NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3217

GENEVA A. WALKER-SCURRY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 6, 2005

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Geneva A. Walker-Scurry ("Walker-Scurry") petitions for review of the final decision by the Merit Systems Protection Board ("MSPB" or "Board") dismissing her appeal for lack of jurisdiction. Walker-Scurry v. U.S. Postal Serv., No. AT0330040437-I-2 (M.S.P.B. Apr. 25, 2005). Walker-Scurry applied for several positions with the United States Postal Service ("agency"). After the agency did not select her for the positions, Walker-Scurry appealed to the Board, asserting claims under the Veterans Employment Opportunities Act of 1998 ("VEOA"), Pub. L. No. 105-339, 112 Stat. 3182 (codified at 5 U.S.C. § 3330a et seq.). After the Board dismissed her appeal for lack of jurisdiction,

Walker-Scurry petitioned us for review.  We see no error in the Board's dismissal of Walker-Scurry's VEOA claim and we therefore affirm.

## I.  BACKGROUND

On March 5, 2004, Walker-Scurry filed an appeal with the Board, alleging that the United States Postal Service violated her veterans' preference rights by not selecting her for several positions that she applied for between March 1994 and October 1997. The administrative judge issued an order noting that Walker-Scurry had invoked the VEOA, stating the allegations required to establish the Board's jurisdiction under the VEOA, and ordering Walker-Scurry to file a statement indicating the date the agency's violation occurred, the date she filed a complaint with the Department of Labor ("DOL"), and the date she received written notification from DOL.  Walker-Scurry subsequently withdrew her appeal to the Board and filed a VEOA complaint with the DOL, and therefore, on April 19, 2004, the administrative judge dismissed the appeal as withdrawn.  Walker-Scurry v. U.S. Postal Serv., No. AT0330040437-I-1 (M.S.P.B. Apr. 19, 2004).

Thereafter, the DOL notified Walker-Scurry that the alleged violations occurred prior to the effective date of the VEOA, and that furthermore her complaint was not filed within the statutory deadline of sixty days from the date of the alleged violations. Accordingly, the DOL found that it lacked authority to investigate her complaint.  Walker-Scurry subsequently sought to refile her appeal with the Board, and the administrative judge accepted the refiled appeal, issuing an erratum to the April 19, 2004 initial decision, correcting it to read that the appeal was dismissed "without prejudice."  He then ordered Walker-Scurry again to file a statement indicating the dates that the

violation occurred, that she filed her complaint with DOL, and that she received notification from DOL. Walker-Scurry responded that the agency's alleged violations occurred between March 1994 and October 1997, she filed her complaint with DOL in April 2004, and she received written notification later that same month.

Thereafter, on August 23, 2004, the administrative judge dismissed Walker-Scurry's appeal for lack of jurisdiction, finding that Walker-Scurry did not file her claim with DOL within sixty days from the date of the alleged violations as required by the VEOA. Walker-Scurry v. U.S. Postal Serv., No. AT0330040437-I-2 (M.S.P.B. Aug. 23, 2004). Walker-Scurry subsequently filed a petition for review to the full Board, and August 23, 2004 decision became final on April 25, 2005, when the full Board denied her petition.

Walker-Scurry timely sought review in this court. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995). The issue of whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004).

B.  Analysis

On appeal, Walker-Scurry contends the Board erred in concluding that it lacked jurisdiction over her VEOA claim.  She asserts that the Board did have jurisdiction because the agency's non-selection violated her veterans' preference rights.  Specifically, Walker-Scurry argues that the Board failed to take into account certain facts, namely that:

> Several other employees were hired before me which were not veterans or CP veterans.  The postal records reflectes [sic] such but the judge ignored the factual records which are the senority [sic] list and exams scores.

Walker-Scurry further argues that the Board applied the wrong law, claiming instead that the law that should be applied is "crediting experience of preference eligibles 5 U.S.C. 3309, 3313, and 5 C.F.R. 332.401 and 337.101."  Finally, Walker-Scurry argues that the Board failed to consider important grounds for relief, namely that she "should have received my lost seniority, lost wages, lost annual leave, sick leave, holiday pay, overtime, and punitive damages from 1994-1997."

In response, the agency maintains that the Board correctly found that it lacked jurisdiction and that the Board's decision properly applied the controlling law, since the Board's jurisdiction is "limited to those areas specifically granted by statute or regulation."  Cowan v. United States, 710 F.2d 803, 805 (Fed. Cir. 1983).  Specifically, the agency points out that VEOA requires that the complaint is filed with DOL within sixty days of the alleged violation, yet Walker-Scurry filed her complaint over six and half years after she alleges the violations occurred.  The agency further responds that to establish jurisdiction over a VEOA claim, the alleged violations must occur on or after October 31, 1998, where Walker-Scurry alleges the violations occurred over a year

before the VEOA effective date, on or before October 11, 1997. Finally, the agency argues that the Board considered all grounds for relief because the administrative judge properly did not reach the merits of the case once it determined that the Board did not have jurisdiction.

The VEOA provides redress for a preference eligible veteran "who alleges that an agency has violated . . . [his or her] rights under any statute or regulation relating to veterans' preference." 5 U.S.C. § 3330a(a)(1)(A) (Supp. 2005). The VEOA states that "[a] complaint under this subsection must be filed within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). Furthermore, the VEOA does not apply retroactively to violations that occurred before the VEOA's effective date of October 31, 1998. Lapuh v. Merit Sys. Prot. Bd., 284 F.3d 1277 (Fed. Cir. 2002). Finally, where an applicant does not show or even allege that she is a preference-eligible veteran under the VEOA, the Board is correct to conclude that it lacks jurisdiction over the applicant's appeal. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210 (Fed. Cir. 2003). Here, Walker-Scurry only alleged violations that occurred before VEOA's effective date and furthermore, those alleged violations occurred more than sixty days before she filed her complaint with DOL. Accordingly, we affirm the Board's decision, dismissing Walker-Scurry's appeal for lack of jurisdiction.