NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3250

DAWONNA J. CARRIKER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Dawonna J. Carriker, of Dayton, Ohio, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3250

DAWONNA J. CARRIKER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0752-07-0653-I-1.

_____

DECIDED: November 10, 2008

_____

Before LOURIE, RADER and PROST, <u>Circuit Judges</u>.

PER CURIAM.

The Merit Systems Protection Board dismissed Ms. DaWonna J. Carriker's petition for lack of jurisdiction. <u>Carriker v. U.S. Postal Serv.</u>, MSPB Docket No. CH-0752-07-0653-I-1 (Final Order Apr. 2, 2008). Because Ms. Carriker does not meet the definition of a Postal Service employee who may appeal an adverse action to the Board, this court affirms.

I

Ms. Carriker began working with the United States Postal Service on September 4, 1993. At the time of this case, Ms. Carriker was a Level 6 General Expeditor at the Agency's Dayton, Ohio Processing and Distribution Facility. As a General Expeditor, she was responsible to coordinate the timely dispatch of mail from cases, registry

sections, and other areas of the mail processing facility. This assignment included checking and counting mail from all mail trucks.

On May 5, 2003, Ms. Carriker filed an application for disability retirement. In her application, Ms. Carriker claimed that she was unable to perform her duties because of mental anguish and depression resulting from a prior race discrimination complaint. She prevailed in that case against the Agency. According to Ms. Carriker, her physician advised her to leave work until the Agency accommodated her.

On February 7, 2006, the Office of Personnel Management (OPM) denied Ms. Carriker's application. Ms. Carriker appealed to the Board. On October 11, 2006, the Board sustained the OPM's denial of disability retirement.

On November 3, 2006, after a three year absence from duty, Ms. Carriker contacted the Agency and requested a return to duty. The Agency required the appellant to provide medical documentation to substantiate her three year absence. Although Ms. Carriker provided the Agency with supporting documentation from her physician, the Agency advised the appellant that the documentation was not sufficient to support the entire period of her absence.

Ms. Carriker filed a petition for review of the Board's initial decision on September 4, 2007. The Board denied the petition as untimely. The petition was forwarded to the Central Regional Office for docketing as a new appeal, in view of Ms. Carriker's allegation that the Agency had constructively suspended her from duty by not allowing her to return to work. On December 20, 2007, the Board dismissed Ms. Carriker's appeal for lack of jurisdiction concluding that the appellant is a non-supervisory, non-management Postal Service employee who is not engaged in

personnel work, and is not preference eligible. The Board denied Ms. Carriker's petition for review and issued a Final Order on April 2, 2008. This appeal followed.

II

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). Whether the Board has jurisdiction is a question of law which this court reviews without deference. See id. This court reviews the Board's factual determinations for substantial evidence. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). Although this court may freely review whether the Board properly possessed jurisdiction, it is bound by the administrative judge's factual determinations unless those findings are not supported by substantial evidence. Id.

III

The Board's jurisdiction is "limited to those areas specifically granted by statute or regulation." Cowan v. U.S., 710 F.2d 803, 805 (Fed. Cir. 1983). The burden is on the employee to prove that the Board has jurisdiction over an appeal by a preponderance of the evidence. Bolton, 154 F.3d at 1316.

As a general rule, the Board does not have jurisdiction over adverse actions taken against employees of the postal service. Id. The Postal Service Employees Appeal Rights Act, however, authorizes the Board's review over an adverse personnel action filed by a postal service employee that is preference eligible, or who is in the position of a supervisor or a management employee in the Postal Service, or who is

engaged in personnel work in other than a purely non-confidential clerical capacity.  <u>See</u> 39 U.S.C. § 1005(a)(4)(A)(i), (ii).

The Board found that Ms. Carriker was not a preference eligible employee, nor did she hold a supervisory or management position, nor was she engaged in personnel work.  With nothing more than Ms. Carriker's bare statement that she is preference eligible, this court cannot say that the Board's finding is not supported by substantial evidence.  Because Ms. Carriker does not meet the definition of a Postal Service employee who may appeal an adverse action to the Board, the Board did not have jurisdiction over her appeal.

For these reasons, this court affirms the Board's dismissal for lack of jurisdiction.

<u>AFFIRMED</u>

<u>COSTS</u>

Each party shall bear its own costs.