**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

CONSTANTINO H. BETILEZ,
       Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,
       Agency.

DOCKET NUMBER
SF-0831-16-0493-I-1

DATE: July 6, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying his request for a Civil Service Retirement System (CSRS) annuity. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

¶2        The administrative judge, in an initial decision, found that the appellant failed to meet his burden of proving that he was entitled to a CSRS annuity. Initial Appeal File (IAF), Tab 8, Initial Decision (ID). He correctly concluded that the appellant's service between August 1970 and August 1971 was a temporary appointment limited to 1 year or less, excluded from Civil Service Retirement Act (CSRA) coverage. ID at 5; IAF, Tab 4 at 25, 30-31; *see* 5 C.F.R. § 831.201(a)(1) (excluding from retirement coverage "[e]mployees serving under appointments limited to one year or less, except annuitants appointed by the President to fill unexpired terms of office on or after January 1, 1976 . . . "); *see also Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 8 (2011) (recognizing that temporary, intermittent, term, and excepted indefinite appointments have been excluded from CSRS coverage). The administrative judge also correctly concluded that the appellant's subsequent service in an indefinite, excepted-service position from August 1971 to February 1991 was similarly excluded from CSRA coverage. ID at 5; IAF, Tab 4 at 24-25, 30; *see*

5 C.F.R. § 831.201(a)(13) (excluding indefinite employees from CSRS coverage); *see also Encarnado*, 116 M.S.P.R. 301, ¶ 8.

¶3      On review, the appellant reasserts that he is covered by the CSRS for a portion of his service, between 1971 and 1982, regardless of the nature of his appointments and despite his failure to contribute to the Civil Service Retirement and Disability Fund (the Fund).  Petition for Review (PFR) File, Tab 1 at 6.  He argues that 5 C.F.R. § 831.303(a) retroactively implemented automatic coverage under the CSRS for all Federal employees who rendered service between July 1920 and September 1982.  *Id.* at 1-7.  As the administrative judge correctly found, the appellant's reliance on section 831.303(a) is misplaced.[2]  ID at 8-10.  Two types of Federal service are pertinent to determining whether an individual is entitled to a CSRS retirement annuity, "creditable service" and "covered service."  *Encarnado*, 116 M.S.P.R. 301, ¶ 7.  Almost all Federal civilian service is creditable service, but covered service is more limited in scope, referring to the status of Federal employees who are subject to the CSRS and are thus required to deposit part of their basic pay into the Fund.  *Id.*  Completion of 5 years of creditable civilian service, ending with at least 1 out of the last 2 years in a position covered by the CSRS, is a prerequisite for a civil service retirement annuity.  *Id.*  The regulation the appellant relies on, 5 C.F.R. § 831.303(a), addresses whether service is creditable.  It does not convert noncovered service, such as the appellant's, into covered service nor does it otherwise render him eligible for a CSRS annuity.

---

[2] To the extent that the appellant suggests, in the alternative, that he should be permitted to make a deposit under 5 C.F.R. § 831.112(a) for his past service to receive a CSRS annuity, PFR File, Tab 1 at 8-9, the administrative judge correctly noted that he does not meet the requirements to do so, ID at 6 n.5.  The appellant does not satisfy the definition of "employee" in 5 C.F.R. § 831.112, which sets forth those eligible to make a deposit to the Fund under 5 U.S.C. § 8334.  *See Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 764-65 (Fed. Cir. 2009); *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 13 (2010).

¶4        After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.